# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**04-355**


**TINA LYNETTE WATKINS, ETC.**

**VERSUS**

**LAKE CHARLES MEMORIAL HOSPITAL, ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 94-596
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


**SYLVIA R. COOKS**
**JUDGE**
**\*\*\*\*\*\*\*\*\*\***


Court composed of Sylvia R. Cooks, Jimmie C. Peters, Marc T. Amy, Billy H. Ezell, and John B. Scofield*, Judges.

Peters, J., concurs in the result.
Amy, J., concurs in part and dissents in part and assigns reasons.

### AFFIRMED, AS AMENDED.

**R. Ray Orrill, Jr.**
**Orrill, Cordell & Beary, LLC**
**1010 Common Street, 31st Floor**
**New Orleans, LA   70112**
**(504) 299-8724**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Tina Lynette Watkins, Individually**

**Leslie A. Cordell**
**Orrill, Cordell & Beary, LLC**
**7240 Crowder Boulevard, Suite 300**
**New Orleans, LA   70127**
**(504) 246-4370**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Tina Lynette Watkins, Individually**


    * John B. Scofield participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore

**Michael K. Prudhomme**
**Lundy & Davis**
**Post Office Box 3010**
**Lake Charles,   LA 70602**
**(337) 439-0707**
**COUNSEL FOR DEFENDANT/APPELLANT:**
        **Louisiana Patients' Compensation Fund**

**COOKS, Judge.**

The Louisiana Patient's Compensation Fund (LPCF) appeals a judgment from the trial court, awarding damages resulting from medical malpractice at the time of the minor plaintiff's birth. In addition to general damages and accrued medical and related expenses, future medical care and related benefits were quantified. The LPCF questions the trial court's determination of the amount of future medical care and related benefits, asserting that the relevant statute does not permit a particularized award, but only a determination as to whether the plaintiff was entitled to future medical expenses. It contends all determinations as to particularized expenses rests with the Louisiana Patient's Compensation Oversight Board. The LPCF further contests the quantum of the general damages award and the fashion in which the judgment awarded interest on the judgment. For the following reasons, we affirm the decision of the trial court.

### Factual and Procedural Background

Tina Lynette Watkins appears in this matter on her own behalf as well as on behalf of her minor child, Dustin Watkins. The issues involved herein relate to Ms. Watkins' pregnancy and Dustin's birth. During her pregnancy, Ms. Watkins first visited Dr. Richard Barry, an obstetrician, in August 1990. At the time, Ms. Watkins was several months into her pregnancy. Dr. Barry eventually predicted a due date of December 4, 1990. Ms. Watkins reported to Lake Charles Memorial Hospital (LCMH) on December 19th after the onset of labor. Dustin was delivered by caesarean section in the early morning hours of December 20, 1990.

Ms. Watkins' petition alleges after his birth, Dustin began suffering from seizures, which required readmission to the hospital. Ms. Watkins contends Dr. Barry failed to properly calculate Dustin's due date. As a result Dustin received inadequate

nutrition while in the womb causing him to suffer a stroke prior to birth.   Dustin "is severely and permanently brain damaged, requiring constant, close, specialized care and monitoring, as well as continuous medications for pain and seizures."

Ms. Watkins named Dr. Barry and LCMH as defendants.  Following a bench trial, judgment was rendered in favor of the Plaintiff.  The totality of the fault was assigned to Dr. Barry.  LCMH was subsequently dismissed.  Damages were awarded as follows:   Dustin's General Damages - $2,000,000.00; Ms. Watkins' Loss of Consortium - $250,000.00; Dustin's Loss of Anticipated Future Earnings - $241,020.00.  A notation was made in the judgment regarding the necessary reduction to the $500,000 cap of the Medical Malpractice Act contained in La.R.S. 40:1299.42(B)(1)[1].

With regard to special damages, the trial court awarded "accrued medical and related (i.e. custodial care) expenses from December 24, 1990 through the date of judgment in the amount of $437,193.08 plus interest."  Finally, the trial court found Dustin to be in need of future medical care, quantifying specific areas of future medical care and related benefits found to be appropriate.[2]

---

[1]Louisiana Revised Statutes 40:1299.42(B)(1) provides:

(1) The total amount recoverable for all malpractice claims for injuries to or death of a patient, exclusive of future medical care and related benefits as provided in R.S. 40:1299.43, shall not exceed five hundred thousand dollars plus interest and cost.

[2]The medical care portion of the judgment reads:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment rendered herein in favor of the plaintiffs and against the defendant, Richard J. Barry, M.D., pursuant to LSA-R.S. 40:1299.43(A)(2), decreeing that plaintiff, Dustin Watkins, is in need of future medical care and related benefits in the following amounts:

| | |
|---|---|
| Educational Evaluation | $6,000.00 |
| Occupational Therapy Evaluation | $ 925.00 |
| Speech Therapy Evaluation | $ 825.00 |
| Driving Evaluation | $ 650.00 |

Following trial, Dr. Barry tendered $125,000 in satisfaction of the judgment for which he was responsible under the Medical Malpractice Act[3] and was dismissed

| | |
|---|---|
| Vocational Evaluation | $3,500.00 |
| Psychological Counseling (25-30/yr @ $175.00/ea. x 5) | $21,875.00 |
| Psychological Counseling (300/life, commencing at age 18, @ $175.00/ea.) | $52,500.00 |
| Speech Therapy | $65,000.00 |
| Occupational Therapy | $78,000.00 |
| Tutoring | $39,520.00 |
| Family Counseling | $21,000.00 |
| Vocational Counseling | $ 5,000.00 |
| | |
| Psychiatrist (initial evaluation) | $ 1,200.00 |
| (2/mo. @ $175.00/ea. x 1 yr.) | $18,200.00 |
| (1/mo. @ $175.00/ea. x 1 yr.) | $ 9,100.00 |
| (4/yr. @ $175.00/ea. x 64 yrs.) | $44,800.00 |
| Neurologist/Neurosurgeon (4/yr. @ $150.00/ea. x 64 yrs.) | $38,000.00 |
| Pediatrician (6 /yr. @ $115.00/ea. x 5 yrs.) | $ 3,450.00 |
| | |
| Diagnostic Testing (1/yr. @ $2,000.00/ea. x 5 yrs.) | $10,000.00 |
| Case Manager (4/mo. @ $300.00/mo. x 12 mos. x 64 yrs.) | $230,400.00 |
| | |
| Respite Care (20/hrs./wk. @ $15.00/hr. x 5 yrs) | $ 78,000 |
| | |
| Custodial care, value of special services functioning as nurse/attendant, from present until 2008 (when Dustin turns 18); 12/hrs/day x 7 days/wk. x 52/wks/yr. x $7.50 hr./ x 5 yrs. | $163,800.00 |
| | |
| Live-in support (24/hrs./day commencing @ age 18 @ $10.00/hr x 59 yrs.) | $5,168,400.00 |
| | |
| Medications: Concerta (54 mgs.) ($170.00/mo. x 64 yrs.) | $130,560.00 |
| Concerta (18 mgs.) ($97.50/mo. x 64 yrs.) | $74,880.00 |
| Clonidine ($22.50/mo. x 64 yrs.) | $17,280.00 |

[3]A qualified health care provider's limitation of liability under the Medical Malpractice Act is contained in La.R.S. 40:1299.42(B)(2), which provides:

(2) A health care provider qualified under this Part is not liable for an amount in excess of one hundred thousand dollars plus interest thereon accruing after April 1, 1991, for all malpractice claims because of injuries to or death of any one patient.

from the proceedings. The LPCF intervened and appealed, asserting the following assignments of error:

1. The trial court erred in its rendition of judgment for future medical expenses in that it lacked the requisite subject matter jurisdiction to make such an award and its findings were contrary to LSA-R.S. 40:1299.43.

2. The trial court's award of attendant care was contrary to the rules and regulations promulgated by the Louisiana Patients' Compensation Fund.

3. The trial court's award of interest on the award of general damages and accrued damages from the date of filing with the Medical Review Panel until paid in full is contrary to LSA-R.S. 40:1299.42.

4. The amount of damages awarded was clearly excessive.

**Discussion**

*Future Medical Expenses*

In its first assignment of error, the LPCF questions trial court's finding and itemization of future medical care and benefits in its judgment. The LPCF contends the inclusion of these figures in the judgment exceeds the trial court's authority under the Medical Malpractice Act(Act). The LPCF argues the Act limits the trial court to a finding that a patient is or is not in need of future medical care and related benefits without the recitation of specific amounts. The LPCF insists it alone has statutory authority to determine the amounts owed for future medical expenses. In support of its position, the LPCF relies on language contained in *Kelty v. Brumfield*, 93-1142 (La. 2/25/94), 633 So.2d 1210. We have carefully reviewed the referenced language but in the final analysis, we are not persuaded that *Kelty* requires us to ignore the clear language found in the Act. The Act specifically requires the trial court to determine the *amount* of future medicals due.

4

Louisiana Revised Statute 40:1299.43(A)(2) provides, in relevant part:

> In actions upon malpractice claims tried by the court, the court's finding shall include a recitation that the patient is or is not in need of future medical care and related benefits *and the amount thereof.*(emphasis added)

Thus, Section A requires a determination as to whether a plaintiff is in need of future medical care; and, if so, further directs the court to specify the amount thereof.[4] Rather than divest the trial court of jurisdiction to determine future medical expenses, the Act mandates that the trial court first render a judgment for future medical expenses and the amount thereof prior to plaintiff submitting a claim for payment to the LPCF.

Louisiana Revised Statutes 40:1299.43(C) provides, in relevant part:

> *(C)Once a judgment is entered* in favor of a patient who is found to be in need of future medical care and related benefits or a settlement is reached between a patient and the patient's compensation fund in which the provision of medical care and related benefits is agreed upon and continuing as long as medical or surgical attention is reasonably necessary, *the patient may make a claim to the patient's compensation fund through the board for all future medical care and related benefits* directly or indirectly made necessary by the health care provider's malpractice unless the patient refuses to allow them to be furnished. (emphasis added.)

Although contained in the judgment, these expenses are not made executory until review and approval by the LPCF or, if denied, upon subsequent order of the court under its continuing jurisdiction. *See* La.R.S. 40:1299.43(E)(1).[5]

The judgment in the present case awarded $500,000 in general damages and

---

[4]*See Hall v. Brookshire Bros*. 02-2404 (La. 6/27/03), 848 So.2d 559 (wherein a jury found the plaintiff in need of in excess of $3,000,000.00 dollars); *LeRay v. Bartholomew*, 03-1370 (La.App. 5 Cir. 3/30/04), 871 So.2d 492 (wherein a jury found $8,000,000.00 dollars in future medical care and related benefits necessary).

[5]"The district court from which final judgment issues shall have continuing jurisdiction in cases where medical care and related benefits are determined to be needed by the patient."

$437,193.08 plus interest for accrued medical and related care through the time of judgment. Further the judgment provides: "[J]udgment [is] rendered in favor of the plaintiffs and against the defendant, Richard J. Barry, M.D., pursuant to LSA-R.S. 40:1299.43(A)(2) decreeing that plaintiff, Dustin Watkins, is in need of future medical care and related benefits in the following amounts . . . ." The judgment then includes the specific benefits found appropriate by the trial court. Our review indicates that this listing is consistent with the requirements of Section A. The trial court acknowledged the statutory scheme which requires a plaintiff to submit future claims to the LPCF stating: "[A]gain the Court is taking cognizance of the suit record that the Patient's Compensation Fund would be involved and that those amounts would be paid as they were incurred and submitted pursuant to the Act." We find no error in this portion of the trial court's judgment.

*Accrued Medical Expenses and Attendant/Respite Care*

A portion of the judgment also awarded "accrued medical and related (i.e. custodial care) expenses from December 24, 1990[6] through the date of judgment in the amount of $437,193.08 plus interest." These figures were treated as a separate element of recovery apart from the future medical care and related benefits, discussed above, and were reduced to a money judgment. The LPCF argues that casting it in judgment for *accrued* medical expenses was in error as these damages fall within La.R.S. 40:1299.43(B)'s definition of "future medical care and related benefits", over which the LPCF has *exclusive* authority. The LPCF, thus, contends the trial court lacks jurisdiction and therefore has no authority under the Act to make any determination as to future medical care, whether accrued at the time of trial or which

_____

[6]The date on which Dustin entered the hospital after having suffered seizures following his birth on December 20, 1990.

6

may be incurred subsequently. Additionally, with respect to the award for attendant and respite care, the LPCF questions the quantum awarded, arguing that the figure found appropriate by the trial court is contrary to LPCF standards for payment for similar services.

We turn first to the question of whether the trial court has authority to cast LPCF in judgment for already incurred "future" medical expenses. The definition of "future medical care and related benefits" is contained in La.R.S. 40:1299.43(B)(1), which provides broadly, that:

> "Future medical care and related benefits" for the purpose of this Section means all reasonable medical, surgical, hospitalization, physical rehabilitation, and custodial services and includes drugs, prosthetic devices, and other similar materials reasonably necessary in the provision of such services, *after the date of injury*.

(Emphasis added.)

Although this provision does not distinguish between medical expenses incurred from the date of injury to judgment or settlement and those expenses not yet incurred but which may be necessary after the date of judgment, the courts have routinely included already incurred medical expenses in the judgment and made then executory. *See Hall v. Brookshire Bros., Ltd.*, 02-2404 (La. 6/27/03), 848 So.2d 559, and other circuits following *Hall.* In *Hall*, the supreme court held interest was owed on "future" medical expenses which had already been incurred. Implicit in this holding is a finding that the trial court decision reducing these medical expenses to a money judgment was correct. Interpreting the *Hall* decision in any other way requires a strained interpretation which was never intended by the legislature.[7] *See*

---

[7]A 2004 amendment to La.R.S. 40:1299.43(A)(4) clarifies that future medical expenses already incurred at the time of judgment shall be included in the money judgment and made executory. The amendment provides: "The remaining portion of the judgment, including the amount of future medical care and related benefits incurred up to the date of the response to the special interrogatory by the jury or the court's finding shall be paid in accordance with R.S.

*LeRay v. Bartholomew,* 03-1370 (La.App. 5 Cir. 3/30/04), 871 So.2d 492 (where the fifth circuit approved the reduction of medical costs incurred up until the date of trial to a money judgment); *Maxwell v. Soileau*, 561 So.2d 1378 (La.App. 2 Cir.), *writ denied*, 567 So.2d 1124 (La. 1990)(where the second circuit included already incurred medical expenses in a money judgment awarded to plaintiff on appeal); and *Fusilier v. Dauterive*, 99-692 (La.App. 3 Cir. 1/10/01), 779 So.2d 950 (where this court awarded plaintiff $67,876.75, plus legal interest, for medical expenses incurred after the accident.) In *LeRay,* 871 So.2d 492, the fifth circuit stated:

> The judgment further authorizes plaintiffs to make claims for such expenses to the LPCF, without entering a judgment on the exact sum. The only money judgment related to this issue is the award of $898,190.34 for medical expenses and related benefits *already incurred*. The trial court correctly made the distinction between medical expenses and related benefits incurred between the accident and the date of trial, and future medical expenses which will occur after trial. In recognizing this difference, *the trial court correctly reduced the past medical expenses to a money judgment, but merely acknowledged the right of plaintiffs to bring a claim for any future medical expenses to the LPCF. We find that to be correct and within the trial court's grant of jurisdiction.*

*Id.* at 502 (emphasis added).

Moreover, under the Act the trial court is vested with "continuing jurisdiction in cases where medical care and related benefits are determined to be needed by the patient." La.R.S. 40:1299.43(E)(1). The LPCF had a fair opportunity at trial to contest the amount requested by the plaintiff, which it did. We conclude the trial court had authority to make a determination regarding the amounts owed for past medical care and to reduce those amounts to a money judgment prior to the recent amendment, which simply sought to clarify the Act's requirement and codify existing jurisprudence on this issue.

40:1299.44(A)(7) and R.S. 40:1299(B)(2)(a),(b), and (c).'"

8

As noted, the LPCF contests the figure found appropriate for the past attendant care. We have reviewed the record and find no error in the determination made by the trial court regarding past accrued medical and related benefits.

*Interest*

In its next assignment of error, the LPCF questions the manner in which the judgment awarded interest. The judgment states: "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, pursuant to LSA-R.S. 40:1299.44(M), plaintiffs are entitled to recover interest at the judicial rate on the award of general and accrued damages from the date of filing with the Medical Review Panel until paid in full." The LPCF contends that the judgment is ambiguous in that it could appear to permit interest on the totality of general damages awarded rather than the $400,000 liability incurred by the LPCF after the reduction by the cap. It notes that this type of recovery is prohibited by La.R.S. 40:1299.42(B), which provides, in part, that a plaintiff's maximum recovery for a malpractice claim is "five hundred thousand dollars plus interest and costs" and that the health care provider is liable for not more than his or her one hundred thousand dollar responsibility under the statute "plus interest thereon." While perhaps the judgment is arguably vague, we find no error regarding interest on the accrued medical expenses. *Hall*, 848 So.2d 559. However, we amend the judgment to indicate more fully that interest is to be paid at the judicial rate on the award of $400,000.00 in general damages from the date of filing with the Medical Review Panel until paid in full. *See* La.R.S. 40:1299.47(M).

*Quantum of Damages Awarded*

After hearing evidence presented by the plaintiff, the trial court awarded $2,000,000 in general damages for Dustin's injuries, $250,000 for loss of consortium

to the plaintiff, and $241,020 in loss of earning capacity to Dustin. While recognizing the reduction to the $500,000 liability cap, the LPCF generally asserts that the figures awarded were clearly excessive, referencing cases in which lesser general damages were awarded to other children who suffered injury at the time of birth.

In reviewing an award for general damages, an appellate court must initially inquire whether the trier of fact abused its discretion in assessing the amount necessary given the circumstances of the injury. *Cone v. Nat'l Emergency Serv., Inc.*, 99-934 (La. 10/29/99), 747 So.2d 1085. Only in the event that the reviewing court finds an abuse of discretion is comparison made to prior awards for determination of the highest or lowest amount that was reasonably within the trier of fact's discretion. *Id.*

Our review of the record reveals no abuse of discretion in assessing $2,000,000 in general damages given the particular facts and circumstances of this case. It is uncontested that Dustin suffered brain damage due to the circumstances surrounding his birth. Dr. Bruce Roseman, a pediatric neurologist, explained that he felt that Dustin suffered a stroke approximately two days prior to his birth. As a result of the injury to the brain sustained during the stroke, Dustin has suffered seizures and has demonstrated cognitive function that was described as mentally retarded. In school, he functions well below his grade level and is in remedial classes throughout the day. Furthermore, a number of witnesses testified to his behavioral difficulties, which included periods of both verbal and physical aggression. Dr. Roseman opined that Dustin will need constant supervision throughout his life to diminish the possibility of injury to either Dustin or others. Dr. Roseman also explained that, in his opinion,

10

when Dustin grows older he will probably be unable to work in an independent setting and should not be permitted to drive. The plaintiff also testified regarding Dustin's problems at home and school, explaining that she is often fearful for her family given the nature of Dustin's behavioral difficulties. In light of the nature of his injuries, we find no abuse of discretion in the general damages awarded as a result of the malpractice. Accordingly, the damages awarded are affirmed.

## DECREE

For the foregoing reasons, we affirm that portion of the judgment in which the trial court quantified the future medical care and related benefits pursuant to La.R.S. 40:1299.43(A)(2), but clarify, to the extent the LPCF is genuinely confused, that it is not cast in money judgment at this time for those expenses. The plaintiff retains the right to seek all future medical care and related benefits with the Louisiana Patient's Compensation Statute as is authorized by La.R.S. 40:1299.43(C). We affirm that portion of the judgment including accrued medical care and related benefits in the money judgment in the amount of $437,193.08 plus legal interest. We amend the judgment to more fully indicate that interest is to be paid at the judicial rate on the award of $400,000.00 in general damages from the date of filing with the Medical Review Panel until paid in full. All costs for this appeal are assessed to the Louisiana Patient's Compensation Fund.

**AFFIRMED, AS AMENDED.**

NUMBER 04-355

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

TINA LYNETTE WATKINS, ETC.

VERSUS

LAKE CHARLES MEMORIAL HOSPITAL, ET AL.

AMY, J., concurring in part, dissenting in part.

I dissent from the majority analysis in all respects other than the affirmation of the general damages award.

*Future Medical Care and Related Benefits*

The LPCF argues that the trial court erred in making any factual findings regarding the quantification of future medical care and related benefits. I find that the matter is best understood by reference to both La.R.S. 40:1299.43 and the Louisiana Supreme Court's decision in *Kelty v. Brumfield*, 93-1142 (La. 2/25/94), 633 So.2d 1210.

At the time of trial, La.R.S. 40:1299.43 provided, in pertinent part:

A. (1) In all malpractice claims filed with the board which proceed to trial, the jury shall be given a special interrogatory asking if the patient is in need of future medical care and related benefits and the amount thereof.

(2) In actions upon malpractice claims tried by the court, the court's finding shall include a recitation that the patient is or is not in need of future medical care and related benefits and the amount thereof.

(3) If the total amount is for the maximum amount recoverable, exclusive of the value of future medical care and related benefits, the cost of all future medical care and related benefits shall be paid in accordance with this Section.

(4) If the total amount is for the maximum amount recoverable, including the value of the future medical care and related benefits, the amount of future medical care and related benefits shall be deducted from the total amount and shall be paid from the patient's compensation fund as incurred and presented for payment. The remaining portion of

the judgment shall be paid in accordance with R.S. 40:1299.44(A)(7) and 40:1299.44(B)(2)(a),(b), and (c).

(5) In all cases where judgment is rendered for a total amount less than the maximum amount recoverable, including any amount awarded on future medical care and related benefits, payment shall be in accordance with R.S. 40:1299.44(A)(7) and 40:1299.44(B)(2)(a), (b), and (c).

(6) The provisions of this Subsection shall be applicable to all malpractice claims.

. . . .

C. Once a judgment is entered in favor of a patient who is found to be in need of future medical care and related benefits or a settlement is reached between a patient and the patient's compensation fund in which the provision of medical care and related benefits is agreed upon and continuing as long as medical or surgical attention is reasonably necessary, the patient may make a claim to the patient's compensation fund through the board for all future medical care and related benefits directly or indirectly made necessary by the health care provider's malpractice unless the patient refuses to allow them to be furnished.

D. Payments for medical care and related benefits shall be paid by the patient's compensation fund without regard to the five hundred thousand dollar limitation imposed in R.S. 40:1299.42.

E. (1) The district court from which final judgment issues shall have continuing jurisdiction in cases where medical care and related benefits are determined to be needed by the patient.

Pursuant to Section A, and contrary to the LPCF's assertions, the trial court was correct in its inclusion of the quantification of future medical care and related benefits in the judgment.

Noting La.R.S. 40:1299.43(A)'s requirement, the supreme court extensively discussed the parameters of a trial court's jurisdiction in cases arising under the Medical Malpractice Act in *Kelty*, 633 So.2d 1210. The supreme court related the unique structure of the Medical Malpractice Act, ultimately explaining that the trial court's jurisdiction in cases arising under the Act is limited and that jurisdiction regarding future medical care rests, instead, with the LPCF. The court stated:

2

During the brief history of the future medical benefits program, the responsibility for its administration has been vested in three different agencies, but the basic characteristics of the program have remained the same. First, the claim for such benefits is a special statutory creation inherently different from a general tort law claim for a money judgment for damages. In fact, the program is designed as a remedy, although only a partial, carefully cost-effective one, to the harsh effects of recent changes in medical malpractice tort law. A claimant must meet a special definition of "need" to be entitled to benefits and may receive recompense for actual necessary medical expenses only so long as that need continues. Second, the statute authorizes a patient in need to file her claim only with the agency vested with the authority to administer the program. Section 1299.43C of the MMA expressly provides:

> Once a judgment is entered in favor of a patient who is found to be in need of future medical care and related benefits or a settlement is reached between a patient and the patient's compensation fund in which the provision of medical care and related benefits is agreed upon and continuing as long as medical or surgical attention is reasonably necessary, the patient may make a claim to the patient's compensation fund through the board for all future medical care and related benefits directly or indirectly made necessary by the health care provider's malpractice unless the patient refuses to allow them to be furnished.

This feature of the statutory scheme alone clearly indicates that the agency has exclusive jurisdiction of future medical and related care claims, and this meaning becomes even more evident when other aspects of the legislation are taken into consideration. Third, the same agency that is granted the authority to receive and evaluate claims, and to pay, settle or reject them, is also vested with full powers to assure the cost-effectiveness of a claims adjustment and the fiscal soundness of the PCF. The agency has the power to require a medical inspection of the need of each claimant for medical care benefits every six months without a court order and more often with a court order. La.R.S. 40:1299.43G. The agency may reduce the payment of claims pro rata below actual cost of medical expenses if the agency determines that the PCF would be exhausted by payment in full of all claims during any semi-annual period. Id. 44A(7). The agency is authorized to apply for and cause to be established appropriate surcharges to be imposed on health care providers and to collect surcharges from self-insured providers. Id. 44A(2).

In establishing the administrative program, the legislature gave statutory jurisdiction to the responsible agency for the purpose of granting, denying, or settling medical and related care services claims. Along with this initial decision-making responsibility the legislature gave clear authority to the agency to supervise the administration of

continuing claims. The statutory provisions contemplate that the agency will develop expertise and experience in administering not only future medical care claims but also the moneys from which they are to be paid. The administering agency is required to develop specialized knowledge and assume the responsibility of establishing, and applying for appropriate surcharges to be imposed on health care providers and collecting surcharges from self-insured providers. La.R.S. 40:1299.44A(2), (3), (4).

Finally, the statutory provisions referring to the courts clearly indicate that they are not vested with original jurisdiction or decision making responsibility over future medical care claims. The courts are authorized to perform two limited functions: (i) certification of whether a malpractice victim is a patient in need, i.e., whether the victim's damages consumed the cap limits without affording her compensation for all actual medical expenses necessitated by the malpractice, La.R.S. 40:1299.43A; and (ii) random and ephemeral housekeeping matters, viz., the court is granted a very limited continuing jurisdiction to award attorney fees when the PCF fails to pay timely, id. 43E(2), and order more frequent physical examinations of a patient, upon reasonable cause. Id. 43G(5).

Given the minor, supporting role assigned to the courts, the expertise expected of the agency, the confidence the legislature has placed in the agency, and the active decision-making, administrative, and supervisory roles the agency is required to play, permitting courts throughout the state to conduct their own litigation involving future medical care claims would conflict with and hinder the regulatory scheme rather than supplement or promote its objectives. Indeed, the legislative scheme would be absurd and unworkable if courts were authorized to redetermine de novo reasonable, non-arbitrary decisions made by the agency with respect to the initial disposition of claims, the continuing need of patients for medical care benefits, the fiscal ability of the PCF to pay claims in full, the percentage of pro rata reduction of claim payments required to maintain the PCF's fiscal stability, and the level of surcharges necessary to maintain the PCF's actuarial soundness. Because all of these determinations are interrelated, the legislature clearly intended to assign the original decision-making function with respect to them to the expert administrative agency. Consequently, we conclude that the legislature intended to eliminate all judicial power in initial decision making or supervision over medical and related care claims and to vest such exclusive jurisdiction in the agency legislatively assigned to administer the PCF, subject only to court review of the agency's actions pursuant to well established principles of judicial review.

*Id.* at 1217-19 (citations omitted). Thus, while La.R.S. 40:1299.43(A) requires a determination as to the necessity and a quantification of future medical care and

related benefits, the discussion in *Kelty* makes clear that the trial court lacks jurisdiction to reduce findings as to quantum to a money judgment.

Although the majority indicates that the figures for future medical care and related expenses will become executory only upon approval by the LPCF or upon further order of the trial court, I disagree that the quantification will become executory at any point in this case. Rather, as indicated in *Hall v. Brookshire Bros, Ltd.,* 02-2404 (La. 6/27/03), 848 So.2d 559, ftnt 10: "The purpose of quantifying future medical expenses, as required by LSA-R.S. 40:1299.43(A)(1), is revealed in the provisions that follow the statute. The amount of future medical expenses awarded determines the method of payment of the judgment. *See*, LSA-R.S. 40:1299.43(A)(3),(4) and (5)." Given this statement, I disagree to the extent that the majority opinion can be interpreted as indicating that the trial court's quantification of future medical care and related benefits has any effect beyond the determination of the appropriate method of payment as this case is one in which payment is controlled by La.R.S. 40:1299.43(A)(3).

*Accrued Medical Expenses*

Further, I respectfully disagree with the majority's determination that the trial court had jurisdiction to reduce to money judgment those future medical expenses incurred prior to trial. In my opinion, this issue is controlled by the express wording of La.R.S. 40:1299.43(B)(1) which, at the time of trial, provided:

> "Future medical care and related benefits" for the purpose of this Section means all reasonable medical, surgical, hospitalization, physical rehabilitation, and custodial services and includes drugs, prosthetic devices, and other similar materials reasonably necessary in the provision of such services, *after the date of injury*.

(Emphasis added.) Reference to this provision, alone, indicates that the trial court erred in including these incurred expenses in the money judgment for which the

5

Louisiana Patients' Compensation Fund was responsible. While 2004 La.Acts No. 181, § 1 amended the above definition of future medical care and related benefits insofar as those benefits are incurred up to the time of the trial court's ruling, Act 181 was not effective at the time of the ruling in this matter. It is my view that the provision is substantive in nature and, absent contrary legislative expression, subject to prospective application only. *See Sawicki v. K/S Stavanger Prince*, 01-0528 (La. 12/7/01), 802 So.2d 598. *See also* La.R.S. 1:2; La.Civ.Code art. 6.

In addition to Section B(1)'s inclusion of accrued medical expenses in the definition of future medical care and related benefits, the Louisiana Supreme Court's statement in *Kelty*, 633 So.2d 1210, regarding a trial court's limited jurisdiction under the Medical Malpractice Act is again instructive. The supreme court plainly delineated that jurisdiction, stating:

> [T]he statutory provisions referring to the courts clearly indicate that they are not vested with original jurisdiction or decision making responsibility over future medical care claims. The courts are authorized to perform two limited functions: (i) certification of whether a malpractice victim is a patient in need, i.e., whether the victim's damages consumed the cap limits without affording her compensation for all actual medical expenses necessitated by the malpractice, La.R.S. 40:1299.43A; and (ii) random and ephemeral housekeeping matters, viz., the court is granted a very limited continuing jurisdiction to award attorney fees when the PCF fails to pay timely, id. 43E(2), and order more frequent physical examinations of a patient, upon reasonable cause. Id. 43G(5).

*Id.* at 1218. I do not find that the reduction of accrued "future medical care and related benefits" to the type of money judgment decreed by the majority falls within either of these areas of jurisdiction.

Finally, I am aware of the classification of incurred medical expenses as "'future' medical expenses that have already been incurred" in *Hall*, 848 So.2d at 576. However, in *Hall*, the supreme court focused on the issue before it, namely the question of whether interest was due on past medical expenses awarded below. It

6

does not appear that the appropriateness of reducing those incurred "future medical expenses" to a money judgment was an issue raised in that case, nor when the case was argued or considered on intermediate appeal. *See Hall v. Brookshire Bros.*, 01-1506 (La.App. 3 Cir. 8/21/02), 831 So.2d 1010. Rather, the arguments and the resulting discussion focused upon whether interest was to be assessed on those past due expenses.

Absent more direct authority from the supreme court than its acceptance of an uncontested judgment in *Hall*, I find it erroneous for the trial court to have strayed from the plain terms of positive law embodied in La.R.S. 40:1299.43(B)(1) and the supreme court's discussion of the courts' jurisdiction under the Medical Malpractice Act in *Kelty*. Accordingly, I would reverse the trial court's judgment insofar as it included the accrued medical and related benefits in the money judgment. I would amend the judgment to include these accrued expenses in the trial court's quantification of future medical care and related benefits.

As I find that the accrued expenses must be submitted to the LPCF for the above-reasons, I do not reach the LPCF's alternative contention that the figure awarded for accrued expenses related to past attendant care is excessive.

*Interest*

I agree with the majority that the judgment should be amended to more fully indicate that interest is to be paid on the $400,000 award for general damages. However, I would further amend the judgment to remove indication that interest is awarded on future medical care and related benefits which accrued prior to the time of trial. Although this figure has been incurred and, thus, interest will be owed from the date incurred, *see Hall*, 848 So.2d 559, I do not find that the judgment should include an award for interest on this figure as those expenses have not yet been

approved by LPCF. Again, unlike in *Hall*, the LPCF, in the present case, contests the inclusion of future medical care and related benefits which have accrued in the money judgment. As stated above, I find the inclusion of these expenses erroneous and contrary to the dictates of La.R.S. 40:1299.43(B)(1). In my opinion, after this element of future medical care and related benefits is submitted to the LPCF and approved, as all claims for future medical care and related benefits must be, interest will be recoverable from the LPCF from the date those expenses were incurred.

*General Damages*

As for the remaining issue, that regarding the quantum awarded in general damages, I agree with the majority that an affirmation is required.

For these reasons, I concur in part, dissent in part.

8