|,ARMSTRONG, J.
This action involves a claim for future medical care and related benefits in a medical malpractice case. The issue is venue. The trial court, the Civil District Court for Orleans Parish, maintained a defense exception of improper venue and transferred the case to East Baton Rouge Parish. The plaintiffs appeal that judgment. In large part, the issues raised by the plaintiffs have already been decided by prior decisions of this court. As we are bound to follow those decisions, we affirm.
The plaintiffs are the parents of a minor child who allegedly was injured by an act of medical malpractice. They filed suit against a number of defendants including a health care provider and his insurer. The plaintiffs settled that medical malpractice suit and then filed a petition to receive excess damages from the Louisiana Patient’s Compensation Fund (“PCF”). That petition for excess damages also was settled and, pursuant to a Joint Petition for Approval of Settlement of Malpractice Claim, the trial court signed an April 13, 1995 Judgment | ¿which approved a lump sum settlement payment but reserved to the plaintiffs the right to seek recovery for future medical care and related benefits.
The plaintiffs then presented to the PCF claims for alleged future medical care and related benefits. After some proceedings, most of the plaintiffs’ claims for alleged future medical care and related benefits were rejected by the Louisiana Patients’ Compensation Fund Oversight Board (“the Board”). The plaintiffs then sought review of the Board’s decision in the trial court in Orleans Parish. The PCF and the Board filed exceptions of venue and argued that East Baton Rouge Parish is the proper venue for judicial review of the Board’s decision. The trial court maintained the exception of improper venue and transferred the case to East Baton Rouge Parish.
Pursuant to La.R.S. 40:1299.43, a medical malpractice plaintiff may, under certain specified circumstances, make a claim for certain statutorily-defined future medical care and related benefits. In Kelly v. Brumfield, 93-1142 (La.2/25/94), 633 So.2d 1210, 1218-19 the Supreme Court held that a claim for future medical care and related benefits is within the exclusive jurisdiction of the Board and that the Board’s decisions of such claims are subject to court review under “well established principles of judicial review.” See also Bijou v. Alton Ochsner Medical Foundation, 95-3074 (La.9/5/96), 679 So.2d 893; Descant v. Administrators of the Tulane Educational Fund, 95-0751 (La.App. 4 Cir. 4/5/95), 653 So.2d 819; Kelly v. Brumfield, 96-0869 (La.App. 4 Cir. 3/12/97), 691 So.2d 242, writs denied, 97-0918 and 97-0936 (La.5/16/97), 693 So.2d 800-801.
*1035 |aThis Court, in its decision in Kelty v. Brumfield, supra, interpreted the Supreme Court’s phrase “well established principles of judicial review” to be a reference to the judicial review provision of the Administrative Procedure Act, La.R.S. 49:964. Also in that decision, we found that, under La.R.S. 49:964 B, the proper venue for judicial review of the Board’s decisions is in East Baton Rouge Parish because that is where the Board is located (although the parties in that case stipulated that the judicial review would take place in the trial court in Orleans Parish).
The plaintiffs’ first argument on appeal is based upon La.R.S. 40:1299.43 E which states: “[T]he district court from which final judgment issues shall have continuing jurisdiction in cases where medical care and related benefits are determined to be needed by the patient.” In the present case, the only judgment below, other than the judgment transferring the case to East Baton Parish, is the judgment approving the settlement of the claim for excess damages and reserving to the plaintiffs the right to make claims for future medical care and related expenses. We will assume without deciding that this judgment is the final judgment referred to in La.R.S. 40:1299.43 E. The question becomes, continuing jurisdiction for what? Continuing jurisdiction for judicial review of the Board’s decision? The Supreme Court, in its discussion of original jurisdiction in its Kelty decision, described the limited role given the courts under La.R.S. 40:1299.43 (of which the statutory provision relied upon by the plaintiffs, La.R.S. 40:1299.43 E, is a part):
|4Finally, the statutory provisions referring to the courts clearly indicate that they are not vested with original jurisdiction or decision making responsibility over future medical care claims. The courts are authorized to perform two limited functions: (i) certification of whether a malpractice victim is a patient in need, i.e., whether the victim’s damages consumed the cap limits without affording her compensation for all actual medical expenses necessitated by the malpractice, La.R.S. 40:1299.43 A; and (ii) random and ephemeral housekeeping matters, viz., the court is granted a very limited continuing jurisdiction to award attorney fees when the PCF fails to pay timely, id. 43 E(2), and order more frequent physical examinations of a patient, upon reasonable cause. Id. 43 G(5).
633 So.2d at 1218. In view of the Supreme Court’s view of the role of the courts under La.R.S. 40:1299.43, we do not think that the “continuing jurisdiction” referred to in La.R.S. 40:1299 E refers to venue for the very substantial role of judicial review of the Board’s decisions. Rather, we think that the “well established principles of judicial review” referred to by the Supreme Court in its Kelty decision, including venue principles, are found in the Administrative Procedure Act. La.R.S. 49:964 B. That was the view adopted in this court’s Kelty decision, supra, and we are, of course, bound by that decision.
The plaintiffs’ second argument on appeal is that the venue provided by La. R.S. 49:964 B is “not exclusive.” However, a prior decision of this court, and decisions of other courts, have held that the venue of La.R.S. 49:964 B is mandatory, i.e., exclusive. Evers v. Louisiana State Board of Medical Examiners, 336 So.2d 36 (La.App. 4th Cir.), writ not considered by, 337 So.2d 879 (La.1976); Leonpacher v. St. Landry Parish Police Jury, 95-1510 (La.App. 3 Cir. 5/8/96), 690 |sSo.2d 57, writ denied, 96-2867 (La.1/24/97), 686 So.2d 862; Brown v. Phelps, 392 So.2d 103 (La.App. 1st Cir.1980).
Next, the plaintiffs assert that, if La.R.S. 49:964 B is interpreted to provide exclusive jurisdiction, then it would be unconstitutional as posing an unreasonable burden for plaintiffs. No legal authority is cited for this proposition. Moreover, we do not think the burden of litigating in another parish is so great as to be of constitutional dimension. Indeed, under all venue provisions, e.g. La.Code Civ.Proc. *1036 art. 42, it is sometimes necessary for litigants to file suit in parishes other than the parish of their domicile.
Lastly, the plaintiffs argue that the PCF waived venue by proceeding in court in Orleans Parish. However, the record reflects that, when the plaintiffs sought judicial review of the Board’s decision in Orleans Parish, the PCF filed an exception of improper venue before proceeding any further. Thus, venue was not waived. See La.Code Civ.Proc. art. 928.
For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.

MURRAY, J., concurs with reasons.