hCOOKS, Judge.
The subject of this litigation involves the payment of future medical care and related benefits by the Louisiana Patient’s Compensation Fund, pursuant to La. R.S. 40:1299.43. The trial court granted judgment in favor of plaintiff, Charles R. Aex-ander, Individually, and in his capacity as Administrator of the Estate of his minor child, Timothy Aexander, awarding $28,050.00 for medical expenses and $13,016.25 for attorney’s fees. The Louisiana Patient’s Compensation Fund Oversight Board appeals the judgment and contends the trial court erred in: (1) holding it had subject matter jurisdiction over the claim; (2) excluding the testimony of Katy LaBauve, R.N. at the June 14, 2000 hearing; and (3) granting payment of medical expenses that were clearly excessive. A-exander answers the appeal and requests an additional $5,000 for attorney’s fees. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Since his birth in 1986, Timothy Aexan-der has required extensive, twenty-four-hour a day medical assistance to live. Timothy will need such medical assistance for the remainder of his life. Timothy’s condition is attributed to acute asphyxia at birth, which caused severe brain and intestinal injuries. These injuries rendered him totally incapable of caring for his physical needs in anyway. He is completely immobile, and susceptible of suffering from seizures, respiratory problems, and life-threatening infections. In addition to the many medications administered through IV lines, Timothy receives his nutritional needs through a central line inserted into his chest and another line threaded through his stomach. The formula administered to Timothy is the only method known to provide the nutrition he requires to live.
In 1992, Charles Aexander brought suit for malpractice against James T. ^Austin, Jr. M.D. who later agreed to pay $100,-000.00, the maximum amount recoverable against him for the harm occasioned by his negligence. The Louisiana Patient’s Compensation Fund Oversight Board (hereinafter the “Board”) was added as a party defendant and the case proceeded to determine damages sustained in excess of the $100,000.00 paid by Dr. Austin. The trial judge awarded the maximum amount recoverable by law, together with future medical care and related benefits, as defined in La. R.S. 40:1299.43(B)(1). Pursuant to the judgment, the Aexanders began to submit Timothy’s ongoing monthly medical expenses to the Board for payment. Each monthly submission included a letter itemizing all of the monthly medical bills, along with a copy of each bill. From *721 approximately the summer of 1992 until December, 1998, John Samaha, attorney for the Alexanders, submitted the original letter and a copy of each bill to Milo A. Nickel, Jr., the attorney of record for the Board. He also directed a copy of the submission packet to the Board through Susan Gremillion. After receipt of each submission, the Board issued a reimbursement check to the Alexanders, although occasionally the Board corresponded with Mr. Samaha to resolve questions, request additional information, or deny items for reimbursement. On two prior occasions, once in 1994 and 1996, the Alexanders moved the trial court to order payment of Timothy’s medical expenses.
On November 23, 1998, Dianne Ware sent John Samaha correspondence written on Louisiana Patient Compensation Fund letterhead, directing him to deliver the original monthly submission to “our office” and not the office of Milo Nickel, Jr. Ms. Ware sent additional correspondence on December 3, 1998, requesting an explanation for Total Parental Nutrition (TPN) and Registered Nurse (RN) supervision expenses incurred for the services of Dr. Richert, employed by Sulphur Pediatric Clinic. Mr. Samaha responded to the Board’s request on December 21, 1998 by submitting a report written by Dr. Richert in 1994 which previously Raddressed the Board’s questions about his TPN and RN monitoring services and fees. The Board approved Dr. Richert’s charges in 1994 and continued to reimburse the Alexanders for Dr. Richert’s services until November 1998. However, on this occasion, the Board did not reimburse for the TNP charges provided by Dr. Richert and it did not request any additional information or explanation.
On January 12, 1999 the Board partially reimbursed the Alexanders for the medical expenses they submitted on December 4, 1998, and without explanation, denied payment for Dr. Richert’s December 1998 services. The Alexanders filed a motion with the trial court for reimbursement of Dr. Richert’s November and December medical expenses on January 27, 1999. The motion and exception were scheduled for hearing on March 4, 1999. The trial judge first denied the Board’s lack of subject matter jurisdiction exception and proceeded to hear evidence on the motion. The Board presented no evidence to challenge that introduced by the movers to establish the reasonableness or necessity of Dr. Ric-hert’s services. The judge then granted the motion for payment of the requested medical expenses, reserving for later hearing and disposition only the issue regarding the assessment of attorney’s fees.
Execution of the trial judge’s order was stayed to allow the Board opportunity to file an emergency writ application. On March 16, 1999, the Board filed a writ application with this court, seeking review of the trial court’s ruling on its exception. We denied the writ, finding no error with the trial court’s ruling. Shortly thereafter, the Louisiana Supreme Court also denied the Board’s writ application.
Subsequently, a June 14, 1999 hearing was scheduled to resolve the attorney fee issue the trial court reserved earlier. At the hearing, the Board sought to introduce evidence related to the reasonableness of Dr. Richert’s fees by presenting the live testimony and sworn statement of a registered nurse. The trial court refused to allow the evidence, declaring that the only issue reserved at the conclusion of the March 4, |fi1999 hearing concerned the assessment of attorney’s fees. The Board proffered the evidence, and subsequently filed this suspensive appeal.
The issues raised by the Board on appeal are whether the trial court had subject matter jurisdiction to hear the dispute regarding the payment of medical expenses; whether the trial court abused its discretion by refusing to permit the Board to present evidence at the June 14, 1999 hearing; and whether the fees charged by Dr. Albert Richert are clearly excessive. Mr. Alexander raises the issue of attor *722 ney’s fees in connection with services rendered on this appeal.
LAW AND DISCUSSION
1. Subject Matter Jurisdiction
The law of the case doctrine is well entrenched in Louisiana jurisprudence. Lejano v. Bandak, 97-388 (La.12/12/97); 705 So.2d 158; Edwards v. Daugherty, 97-1542 (La.App. 3 Cir. 3/10/99), 729 So.2d 1112; writs denied, 99-1434 (La.9/17/99); 747 So.2d 1105; Sloane v. Davis, 619 So.2d 585 (La.App. 3 Cir.), writ denied, 629 So.2d 355 (La.1993). The doctrine embodies the rule that appellate courts will not reconsider its own rulings of law in the same case. Lejano, 705 So.2d at 170. In noting the doctrine’s purpose in Guilbeaux v. Times of Acadiana, Inc., 96-360, p. 4 (La.App. 3 Cir. 3/26/97), 693 So.2d 1183, 1186, writ denied, 97-1840 (La.10/17/97), 701 So.2d 1327, we said: “[cjourts apply this principle to avoid indefinite relitigation of the same issue, to reach consistent results in the same litigation, and to afford a single opportunity for argument and decision of the matter at issue.” The law of the case doctrine, though purely discretionary, has been consistently applied by the courts in this state absent a showing that a prior ruling is palpably erroneous or will cause manifest injustice. Sloane, 619 So.2d at 585.
A panel of our members previously considered the Board’s emergency writ application and found the trial court did not err in denying the exception. We are not 1 ^convinced that our ruling is palpably erroneous or that a manifest injustice will occur in this instance. Thus, we will not tread water on this issue again.
2. Exclusion of Evidence at the June 14,1999 Hearing
“The decision to reopen a case for the production of additional evidence ‘rests with the discretion of the trial judge which decision will not be disturbed on appeal unless manifestly erroneous.’ ” Fowler v. Fowler, 98-953 p. 9 (La.App. 3 Cir.12/9/98), 722 So.2d 125(quoting Tatum v. Old Republic Ins. Co., 94-157 p. 4 (La. App. 3 Cir. 10/5/94); 643 So.2d 419, 422); see also Juneau v. Richard, 96-215 (La. App. 3 Cir. 11/13/96); 682 So.2d 1010, writ denied, 96-2988 (La.1/31/97); 687 So.2d 413. The record clearly establishes the motion and exception were both noticed for March 4, 1999, without objection from either' party. Belinda Alexander, Timothy’s mother, and Dr. Richert offered compelling and instructive testimony concerning the services provided by the Sulphur Pediatric Clinic. At the conclusion Dr. Richert’s testimony, the hearing transcript reads:
Mr. Samaha: Nothing Further, your honor.
The Court: Anything, Mr. Prudhomme?
Mr. Prudhomme: None, your Honor.
The Court: Anything left other than the attorney fees?
Mr. Samaha: Only the attorney fees, Your Honor and—
Mr. Prudhomme: Your Honor, we can stipulate to the time.
The Court: Let’s enter into a stipulation.
Mr. Samaha: ... if he’s going to take an emergency writ, we’re going to file an opposition to his emergency writ. So, we would like to leave the matter open on the fees.
The Court: Yeah. We’re not making any definitive finding on the attorney fee at this point time.
On June 14, 1999, the trial court concluded the hearing by addressing an award |7for attorney’s fees, the only matter left open by the trial court:
The Court: We’re going to conclude a hearing that we had in March, I believe the fourth.... This is a very narrow issue this morning. It is really a residue of something that this Court did some time ago and which has been purged through the review process, I *723 think by the Third Circuit as well as the Supreme Court.
Mr. Samaha: ... the only issue before the Court this morning is on the attorney’s fees issue.
The Court: That’s absolutely correct. Agree, ma'am?
Ms. Caballero: Actually no, Your Honor. I have an affidavit from a RN, Katie Lebouef as to the excessiveness of the charges.
The Court: That is not before me this morning.
The Board offers no argument challenging the discretion of the trial judge to disallow the introduction of this evidence at the June 14, 1999 hearing. The Board only suggests that “fairness” dictates that it should be allowed to do so because it was required to participate at a hearing where the trial court lacked subject matter jurisdiction. The trial court acted well within its discretion to disallow further evidence, and we find no manifest error or inherent unfairness in its ruling. The Board had reasonable opportunity to present the belated offering at the March 4, 1999 hearing but elected to respond it had “none, your honor.” Though it has been said that the wheels of justice turn slowly, the driver has never been required to stop and wait while the one seeking to come aboard waves him forward.
3. Reasonableness of Dr. Richert’s Charges
The trial court’s determination that Dr. Richert’s services are reasonable and necessary to Timothy Alexander’s medical condition is a factual conclusion which we cannot overturn in the absence of manifest error. Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973). Albert L. Richert, M.D. supervises Timothy’s nutritional care by continually calculating, reformulating and monitoring his nutritional solution. | «Dr. Richert must also constantly monitor Timothy’s reaction to the formula administered. The service is referred to as Total Parental Nutrition (TPN) supervision and requires Dr. Richert to remain on call seven days a week, twenty-four hours a day to respond to complications. Dr. Ric-hert has treated Timothy in this manner since he was seven weeks old and by all accounts has been extraordinarily successful. The trial court noted, “... only through the tremendous skill of this physician is this child alive,” and regarded the Board’s present challenge as a “continuing effort by some bureaucracy to not pay this child what he needs to live.... ” Based on the evidence now before us, we find no manifest error in the trial court’s ruling.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed and amended to include an additional $5,000.00 for attorney’s fees incurred on appeal. Costs of this appeal are assessed against defendant-appellant, the Louisiana Patient’s Compensation Fund Oversight Board.
AFFIRMED AS AMENDED.