|, GREMILLION, Judge.
The defendant, the Louisiana Patient’s Compensation Fund (PCF), seeks a supervisory writ on the trial court’s denial of its exception of lack of subject matter jurisdiction. For the following reasons, we deny the writ.
*1254 FACTS
The plaintiffs, Fay and James Bridgers, were awarded damages in a medical malpractice case in which a jury found Fay was deprived of a seventy-five percent chance of recovery from Guillian-Barre syndrome due to malpractice committed by Dr. Donald Vines. In addition to general damages and past medical expenses, Fay was awarded $2,693,835 in future medical expenses and related benefits. On June 26, 2000, the Bridgers submitted a request for payment to the PCF for amounts expended subsequent to the date of Dr. Vines’ malpractice on Fay’s medical care and related benefits.[1] The amount sought to be reimbursed totaled $78,535.08. On July 28, 2000, the Bridgers were paid eleven checks totaling $48,079.09.
On August 8, 2000, the Bridgers filed a Rule to Enforce Judgment Pursuant to La.R.S. 40:1299.43, alleging that Fay was in need of medical treatment and that the PCF had unreasonably failed to pay the full amount submitted for reimbursement. In addition to the remaining $30,455.99 sought for reimbursement, the Bridgers requested that the trial court award them reasonable attorney’s fees. In response, the PCF filed an exception of lack of subject matter jurisdiction, arguing that original and exclusive jurisdiction over all claims for future medical benefits | ¿rested with the Louisiana Patient’s Compensation Fund Oversight Board (PCFOB). Following a hearing on the exception, the trial court denied the exception finding that it had continuing jurisdiction on any claims alleging the PCF’s failure to pay future medical benefits within thirty days of submission of a claim for payment of such benefits. The PCF subsequently sought a supervisory writ to this court. Thereafter, we stayed all proceedings in the trial court and ordered the record forwarded so that a decision could be reached on the writ. See Writ No. CW 01-00534.
DISCUSSION
La.R.S. 40:1299.43 provides for future medical care and related benefits under the Medical Malpractice Act. It states in pertinent part:
A. (1) In all malpractice claims filed with the board which proceed to trial, the jury shall be given a special interrogatory asking if the patient is in need of future medical care and related benefits and the amount thereof.
[[Image here]]
B. (1) “Future medical care and related benefits” for the purpose of this Section means all reasonable medical, surgical, hospitalization, physical rehabilitation, and custodial services and includes drugs, prosthetic devices, and other similar materials reasonably necessary in the provision of such services, after the date of the injury.
[[Image here]]
C. Once a judgment is entered in favor of a patient who is found to be in need of future medical care and related benefits or a settlement is reached between a patient and the patient’s compensation fund in which the provision of medical care and related benefits is agreed upon and continuing as long as medical or surgical attention is reasonably necessary, the patient may make a claim to the patient’s compensation fund through the board for all future medical care and related benefits directly or indirectly made necessary by the health care provider’s malpractice unless the patient refuses to allow them to be furnished.
[[Image here]]
*1255 CE. (1) The district court from which final judgment issues shall have continuing jurisdiction in cases where medical care and related benefits are determined to be needed by the patient.
(2) The court shall award reasonable attorney fees to the claimant’s attorney if the court finds that the patient’s compensation fund unreasonably fails to pay for medical care within thirty days after submission of a claim for payment of such benefits.
While we agree with the PCF and the holdings in Kelty v. Brumfield, 93-1142 (La.2/25/94), 633 So.2d 1210, and Bijou v. Alton Ochsner Medical Foundation, 95-3074 (La.9/5/96), 679 So.2d 893, that the PCFOB has exclusive jurisdiction over all claims for future medical care and related benefits, the trial court retains continuing jurisdiction over this matter pursuant to La.R.S. 40:1299.43(E)(1). The jury determined that Fay was in need of future medical care and related benefits, thus, the trial court retains continuing jurisdiction. Additionally, the Bridgers have filed a claim with the PCFOB, as evidenced by their June 26, 2000 letter to the Patients’ Compensation Fund, which it received on June 28, 2000. Since the PCFOB failed to pay the entire claim by the Bridgers within thirty days of submission, the trial court had subject matter jurisdiction to hear the matter. Accordingly, we find no error in the trial court’s denial of the PCF’s exception of lack of subject matter jurisdiction.
CONCLUSION
For the foregoing reasons, this writ is denied. The costs of this matter are assessed to the defendant-appellant, the Louisiana Patients’ Compensation Fund.
WRIT DENIED.

. The request was sent to the attention of Mary Green, an insurance claims examiner with the PCF.