KIRBY, J.
Venue in the present case must be determined by looking at La. R.S. 49:964(B). Kelty v. Brumfield, 93-1142 (La.2/25/94) 633 So.2d 1210; and In Re: Medical Review Panel of Ricard, 98-2603, 98-2604 (La.App. 4 Cir. 6/9/99) 736 So.2d 1033. The statute provides that “[pjroceedings for review may be instituted by filing a petition in the district court of the parish in which the agency is located within thirty days after mailing of notice of the final decision by the agency or, if a rehearing is requested, within thirty days after the decision thereon. Copies of the petition shall be served upon the agency and all parties of record.”
The Office of Risk Management is part of the Division of Administration, which is part of the Governor’s Office. See La. R.S. 39:1528; La. R.S. 36:4(B)(l)(a). Thus, suits seeking judicial review of decisions by the Office of Risk Management must be filed in East Baton Rouge (the parish where the Governor’s Office is located). The trial court erred when it denied the State’s exception of improper venue.
Accordingly, we grant the State’s writ application as well as the exception of improper venue, and transfer the matter to East Baton Rouge Parish.
ARMSTRONG, C.J., concurs in the result.