891 So.2d 85 (2004)
LOUISIANA PATIENT'S COMPENSATION FUND OVERSIGHT BOARD, Plaintiff-Appellant
v.
William T. EDWARDS as Legal Guardian of Alexander Lashley, Defendant-Appellee.
No. 39,149-CA.
Court of Appeal of Louisiana, Second Circuit.
December 15, 2004.
*86 Roedel, Parsons, Koch, Blache, Balhoff & McCollister, by Larry M. Roedel, Carlton Jones, III, Baton Rouge, for Appellant.
James A. Rountree, Monroe, for Appellee.
Dennis Smith, In Proper Person.
Before WILLIAMS, STEWART and GASKINS, JJ.
STEWART, J.
This matter arises from a dispute over the provision of future medical care and related expenses for Alexander Lashley, a young victim of medical malpractice. The Patient's Compensation Fund Oversight Board ("PCFOB") appeals a judgment ordering it to begin modifications on the home of Lashley's grandfather and legal *87 guardian, William T. Edwards. The PCFOB contends that the trial court erred in overruling its exceptions of lack of subject matter jurisdiction and improper venue and that the court improperly rendered a judgment on the merits. Because we find no evidentiary basis in the record for the trial court's rulings, we vacate the trial court's judgment and remand for further proceedings to determine, in accordance with the views expressed in this opinion, whether the prerequisites for the court's jurisdiction have been met, and if so, to conduct further proceedings to review the claims presented.

FACTS
The PCFOB sought injunctive relief against William T. Edwards to obtain access to a van purchased and renovated for use as transportation for Alexander Lashley in order to determine whether the van could be repaired to remain serviceable. In response, Mr. Edwards filed a reconventional demand alleging that the PCFOB failed to provide home modifications, to pay for medical expenses, and to provide a dependable van for transportation. The PCFOB filed exceptions of lack of subject matter jurisdiction, improper venue, and no cause of action in response to the reconventional demand. The basis for these exceptions was that Edwards had neither availed himself of, nor exhausted administrative remedies with, the PCFOB and that venue was only proper in East Baton Rouge Parish as provided by La. R.S. 13:5104.
The PCFOB's exceptions were set for a hearing on March 19, 2004, at which time the trial court heard arguments by counsel and denied the exceptions of lack of subject matter jurisdiction and improper venue on the basis that the matter was properly before the court on a reconventional demand. The PCFOB then argued that Edwards' reconventional demand failed to state a cause of action due to there being no indication that Edwards had first brought the claims to the PCFOB and received an administrative decision. Argument by Edwards' counsel referred to the failure of the PCFOB to renovate Edwards' home to meet Lashley's needs even though the PCFOB had obtained the services of an architect and bids for the job. Letters evidencing the architect's efforts were attached to Edwards' opposition to the PCFOB's exceptions. The trial court ordered the PCFOB to begin work on the home modifications within thirty days or be subject to penalties of the court. The written judgment was signed on March 29, 2004.
The PCFOB sought supervisory review of the trial court's ruling, but this court determined that the ruling was in the nature of a final judgment and that the proper remedy was an appeal. Accordingly, this appeal followed.

DISCUSSION

Motion to Strike
As a preliminary matter, we must address a motion to strike filed by Edwards. He alleges that the PCFOB's rebuttal brief refers to "misrepresentations to the court" without identifying any such misrepresentations and that the brief improperly refers to information that was not part of the hearing.
Under the provisions of URCA 2-12.4 and 2-12.5, the language used in briefs is required to be "courteous, free from vile, obscene, obnoxious, or offensive expressions, and free from insulting, abusive, discourteous, or irrelevant matter or criticism...." Although the Uniform Rules indicate that violations shall subject the author to punishment for contempt of court and to having the brief returned, such *88 punishment is generally reserved for only the most egregious cases. And while appellant's rebuttal brief does indeed reference information not introduced as evidence, it is not otherwise discourteous or offensive. We do not find that the statements complained of warrant such drastic measures as the punishments provided in the Uniform Rules. Rather, we will grant the motion to strike that part of the appellant's rebuttal brief referring to "evidence that may have come out during a hearing or trial...."

PCFOB's Appeal
The PCFOB argues that the trial court erred in three respects. First, the trial court erred in ordering home renovations to begin within thirty days without taking evidence on the matter and without the matter even being before the court for a hearing. Second, the trial court erred in overruling the exception of lack of subject matter jurisdiction by overlooking the fact that the claims for future medical and related expenses fall within the PCFOB's exclusive jurisdiction. Third, the trial court erred in overruling the exception of improper venue by failing to recognize that the reconventional demand claims must be brought in East Baton Rouge Parish under La. R.S. 13:5104.
As set forth in La. R.S. 40:1299.44(D)(1)(a) and (2)(a), the legislature created the PCFOB and vested it with the responsibility and full authority under law for the "management, administration, operation and defense" of the Patient's Compensation Fund. The PCFOB's role with regard to payments for future medical care and related benefits required as a result of a medical malpractice settlement or judgment is explained in La. R.S. 40:1299.43(C) as follows:
C. Once a judgment is entered in favor of a patient who is found to be in need of future medical care and related benefits or a settlement is reached between a patient and the patient's compensation fund in which the provision of medical care and related benefits is agreed upon and continuing as long as medical or surgical attention is reasonably necessary, the patient may make a claim to the patient's compensation fund through the board for all future medical care and related benefits directly or indirectly made necessary by the health care provider's malpractice unless the patient refuses to allow them to be furnished.
The statute further provides, "The district court from which final judgment issues shall have continuing jurisdiction in cases where medical care and related benefits are determined to be needed by the patient." La. R.S. 40:1299.43(E)(1).
In Kelty v. Brumfield, 93-1142 (La.2/25/94), 633 So.2d 1210, 1218, rehearing denied, 93-1142 (La.3/25/94), 635 So.2d 247, the Louisiana Supreme Court interpreted La. R.S. 40:1299.43(C) as granting the PCFOB "exclusive jurisdiction for future medical care and related care claims." As explained in the opinion, the PCFOB's jurisdiction over future medical care and related claims includes the authority to receive and evaluate, as well as to pay, settle, or reject claims. Also included is the authority to "supervise the administration of continuing claims." Id. The Kelty opinion makes clear that the statute does not vest courts with original jurisdiction over future medical care claims and that allowing courts to conduct litigation involving future medical care claims would only conflict with and hinder the regulatory scheme. The supreme court concluded that:
[T]he legislature intended to eliminate all judicial power in initial decision making or supervision over medical and related care claims and to vest such exclusive *89 jurisdiction in the agency legislatively assigned to administer the PCF, subject only to court review of the agency's actions pursuant to well established principles of judicial review.
Kelty, 633 So.2d at 1218-1219.
The Kelty decision was followed in Bijou v. Alton Ochsner Medical Foundation, 95-3074 (La.9/5/96), 679 So.2d 893, 898, wherein a plaintiff who received a favorable trial court judgment finding him in need of future medical care and related benefits was directed, in accordance with Kelty, supra, to make a claim to the PCFOB for further action and recovery of his future medical care claim. Likewise, in the instant case, any claims for future medical care and related benefits on behalf of Alexander Lashley would first have to be brought before the PCFOB.
In Bridgers v. Southwest Louisiana Hosp. Assoc., XXXX-XXXX (La.App. 3d Cir.11/7/01),799 So.2d 1253, writ denied, XXXX-XXXX (La.2/08/02), 809 So.2d 138, a plaintiff who was awarded future medical expenses sought payment from the PCFOB of expenses incurred. The PCFOB failed to pay the full amount of the expenses, so the plaintiff filed a rule for payment and attorney fees in the district court which rendered the final judgment. The PCFOB asserted an exception of lack of subject matter jurisdiction on the grounds that it had exclusive jurisdiction over all claims for future medical expenses. The trial court's denial of the exception was affirmed on appeal on the basis of the grant of continuing jurisdiction provided by La. R.S. 40:1299.43(E)(1). The court agreed that the PCFOB had exclusive jurisdiction over all claims for future medical care and found that the plaintiff had filed a claim with the PCFOB, which failed to pay the entire claim. Once the PCFOB acted on the claim, the district court, through its continuing jurisdiction, had subject matter jurisdiction to review the matter.
Edwards argues that the trial court has jurisdiction in accordance with our prior opinion in Edwards v. St. Francis Medical Center, 25,105 (La.App.2d Cir.9/22/93), 623 So.2d 1387. In Edwards, we addressed a claim for payment for custodial care rendered by Lashley's grandparents and ordered that the trial court would maintain continuing jurisdiction to review future awards for custodial care. As the issues in this matter do not involve claims for custodial care payments, Edwards has no application.
The PCFOB correctly argues that it has original subject matter jurisdiction over claims for Lashley's future medical care and related benefits. The claims asserted by Edwards are the type which must first be presented to the PCFOB. Once the PCFOB renders a decision, its decision is subject to court review as in Bridgers, supra. However, this record does not contain any evidence as to whether the claims asserted in Edwards' reconventional demand have been made with the PCFOB and whether the PCFOB has made any decision on the claims. In the absence of such evidence, there is no basis for the trial court's denial of the PCFOB's exception of lack of subject matter jurisdiction and that ruling is hereby vacated.
The PCFOB argues that venue is only proper in East Baton Rouge Parish under the provisions of La. R.S. 13:5104, which designates venue in suits against certain public entities. Under La. R.S. 13:5104, venue for suits against the state, state agencies, and political subdivisions exists "in the parish in which the cause of action arises." Moreover, the statutory venue is mandatory but waivable. Franques v. Evangeline Parish Police Jury, 93-1625 (La.10/1/93), 625 So.2d 157. In this case, the cause of action arises in *90 Ouachita Parish where Lashley resides and where he has need for future medical care and related benefits. Accordingly, we find no merit to the PCFOB's argument that venue is only proper in East Baton Rouge Parish.
We note that the Fourth Circuit Court of Appeal in Kelty v. Brumfield, 96-0869 (La.App. 4th Cir.3/12/97), 691 So.2d 242, writ denied, 97-0918, 97-0936 (La.5/16/97), 693 So.2d 800, 801 and Medical Review Panel v. Smith, 1998-2603 (La.App. 4th Cir.6/9/99), 736 So.2d 1033 determined that the proper venue for review of decisions by the PCFOB regarding future medical care and related benefits is in East Baton Rouge Parish under the judicial review provisions of the Administrative Procedure Act, La. R.S. 49:964. In Medical Review Panel v. Smith, supra, the court determined that "continuing jurisdiction" granted by La. R.S. 40:1299.43(E) did not confer jurisdiction to review the PCFOB's disposition of claims for future medical expenses. This conclusion was based on the supreme court's decision in Kelty v. Brumfield, 93-1142 (La.2/25/94), 633 So.2d 1210, which discussed the limited role of courts under La. R.S. 40:1299.43. Additionally, the Fourth Circuit interpreted the supreme court's reference in Kelty, supra, to court review of the PCFOB's actions "pursuant to well established principles of judicial review" to mean the review provisions of the Administrative Procedure Act.
Our review of La. R.S. 40:1299.43 and the supreme court's Kelty decision leads us to disagree with the Fourth Circuit's venue determination. As stated, La. R.S. 40:1299.43(E)(1) grants continuing jurisdiction to the district court which rendered the final judgment in cases where future medical care and related benefits are needed by the patient. It is evident that the grant of continuing jurisdiction requires that venue exists in the district court which rendered the final judgment. Otherwise, continuing jurisdiction would have no meaning. And the supreme court's Kelty opinion did not squarely address the scope of the continuing jurisdiction provision as that opinion only dealt with the issue of original jurisdiction and decision making related to claims for future medical expenses. We view the supreme court's limited references in Kelty to the district court's continuing jurisdiction as dicta, and we decline to follow the Fourth Circuit's interpretation. From our review, we find that the "continuing jurisdiction" provision vests subject matter jurisdiction and venue, for purposes of judicial review of the PCFOB's actions on claims for future medical expenses and related benefits, in the district court from which the final judgment issued which determined a need for future medical expenses.
Moreover, our interpretation of continuing jurisdiction is supported by the statute, which also provides that the court shall award attorney fees upon finding that the PCFOB unreasonably failed to pay a claim for medical care within thirty days after submission of the claim. See La. R.S. 40:1299.43(E)(2). Judicial efficiency compels the conclusion that the court empowered to award attorney fees would also have the authority to review the PCFOB's actions on the claim in order to determine whether the PCFOB was unreasonable in failing to pay within the thirty day time period or whether its failure to pay the claim was reasonable.
In accordance with our interpretation of the continuing jurisdiction provision and other reasons expressed, we find that venue would be proper in the Fourth Judicial District Court in the event that subject matter jurisdiction exists.
The PCFOB also complains that the trial court erred in ordering it to begin renovations to Mr. Edwards' home without *91 holding a trial on the merits. We agree. While we understand the trial court's apparent frustration with this matter, we find no evidentiary basis in the record for the ruling at this point in the proceeding. Accordingly, we must vacate the trial court's judgment in its entirety.
Having vacated the trial court's judgment, we find that remand is necessary in order for the trial court to conduct an evidentiary hearing to determine whether it has subject matter jurisdiction over the claims asserted by Edwards in the reconventional demand. The trial court must determine whether Edwards' claims have been presented to the PCFOB and whether the PCFOB has made a decision on the claims. If the court finds that the prerequisites for subject matter jurisdiction have been met as to any of the claims, then it may review the PCFOB's actions"pursuant to well established principles of judicial review" as stated by the supreme court in Kelty, supra.
We also remind the parties that at the center of this dispute is a young man in need of medical care and that his needs, rather than the parties' disputes, are paramount. We share in the trial court's frustration regarding the seeming lag in the provision of services, particularly home modifications, and the lack of cooperation between the parties. The PCFOB and Mr. Edwards are encouraged to work together to ensure that Mr. Lashley's needs are met in accordance with the PCFOB's guidelines.
Finally, we note that Edwards filed a brief in which he argued that the PCFOB's appeal should be dismissed because it is not a final judgment and has not been certified for immediate appeal. However, based on our decision to vacate the trial court's judgment, our prior denial of supervisory review, and the failure of Edwards to file an answer as required by La. C.C.P. art. 2133(A), we decline to address Edwards' argument.

CONCLUSION
In light of the reasons expressed in this opinion, we vacate the trial court's judgment and remand the matter for further evidentiary proceedings to determine, in accordance with the views expressed in this opinion, whether the district court has subject matter jurisdiction over the claims asserted in the reconventional demand and for other proceedings as may be necessary.
VACATED AND REMANDED.