# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 05-583

**PAMELA S. BARTEE, ET AL.**

**VERSUS**

**CHILDREN'S CLINIC OF SOUTHWEST LOUISIANA, ET AL.**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\***
ON SUPERVISORY WRIT FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 96-6394
HONORABLE D. KENT SAVOIE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\*\*\*\*\***
**SYLVIA R. COOKS**
**JUDGE**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Michael G. Sullivan, and Glenn B. Gremillion, Judges.

**WRIT DENIED.**

R. Ray Orrill, Jr.
Leslie A. Cordell
W. Christopher Beary
412 W. University Avenue, Ste. 206
Lafayette, Louisiana 70506
(337) 237-8200
COUNSEL FOR PLAINTIFF/RESPONDENT:
     Pamela S. Bartee, et al.

Milo A. Nickel
Patrick H. Martin, V
The Nickel Law Firm, LLC
930 Lakeshore Drive
Lake Charles, Louisiana 70601
(337) 433-8278
COUNSEL FOR DEFENDANT/APPLICANT:
     Louisiana Patient's Compensation Fund

**COOKS, Judge.**

The issue presented in this writ application is the procedure required of a plaintiff for obtaining reimbursement for medical expenses incurred after the date of judgment in a medical malpractice action. The Patient's Compensation Fund (PCF) contends the procedure for obtaining payment differs among the circuits and the PCF is seeking direction from this court in order to comply with the mandates of the Medical Malpractice Act (MMA). We agreed to hear this writ application to provide guidance to the PCF, and to establish clarity in the Third Circuit on this area of the law.

## PROCEDURAL HISTORY

On October 21, 1993, Jamie Bartee suffered severe brain damage when she was seventeen days old. A settlement was reached with the health care provider for the statutory maximum of $100,000.00. Subsequently, the PCF settled for $400,000.00 plus all medical expenses accrued as of May 16, 2004 in the amount of $179,905.77, plus custodial care from the date of the injury through May 16, 2004 at $13.00 an hour in the amount of $275,222.52 for a total of $855,128.20. The PCF also agreed to pay accrued interest in the amount of $144,871.80. A final judgment was rendered on August 14, 2004, in the amount of $1,000,000.00. The judgment specifically reserved plaintiff's right to pursue all future medical and related expenses incurred after May 17, 2004 and continuing, as needed, during her lifetime.

Pamela Bartee, through her attorney, sent requests for reimbursement of medical expenses and custodial care to the PCF on four different occasions: October 27, 2004, November 17, 2004, December 17, 2004, and January 6, 2005. The PCF did not respond. On January 25, 2005, plaintiff filed a Rule to Show Cause in district court seeking to compel the payment of benefits. In response, the PCF filed a

2

Peremptory Exception of Lack of Subject Matter Jurisdiction and Demand for a Jury Trial. The trial court denied the PCF's exception and demand for a jury trial and this writ application followed. Because we find the trial court was correct in denying the PCF's Exception of Lack of Subject Matter Jurisdiction and Demand for a Jury Trial, we deny this writ application and rescind the order granting a stay of these proceedings below.

## LAW AND DISCUSSION

*Position of the PCF*

In its brief, the PCF contends the plaintiff has failed to "comply with the administrative appeals requirements [articulated in] *Kelty,* and as set forth by the PCF Oversight Board in Louisiana Administrative Code, Title 37, §§ 1901 *et seq.*, and the Louisiana Administrative Procedures Act, LSA-RS 49:951 *et seq.* ("APA")." The PCF relies on specific provisions found in Section 44 of the MMA, and language in *Kelty v. Brumfield*, 93-1142 (La. 2/25/94), 633 So.2d 1210, to support its authority to promulgate administrative regulations which a plaintiff must navigate through when filing a claim for reimbursement of medical expenses incurred after the date of judgment.

La.R.S 40:1299.44 (D)(2)(a) provides:

> The board shall be responsible, and have full authority under law, for the management, administration, operation and defense of the fund in accordance with the provisions of this Part.

Additionally, the PCF cites La.R.S. 40:1299.44(D)(3), which makes the Administrative Procedure Act (APA) applicable to actions of the Oversight Board. This statute provides:

> The board shall have authority, in accordance with applicable provisions of the Administrative Procedure Act, to adopt and promulgate such rules, regulations and standards as it may deem necessary or advisable to implement the authority and discharge the

3

responsibilities conferred and imposed on the board by this Part.

Using these provisions, along with jurisdictional language found in *Kelty,* the PCF argues, after trial, the district court is divested of its jurisdiction over the case and the PCF Oversight Board becomes the tribunal for a determination of the *need and amount* of medicals due. The PCF contends it has the authority to promulgate rules and regulations which govern the procedure for filing a claim and a plaintiff is required to submit each claim for a full administrative hearing before the Board, with venue in East Baton Rouge Parish. If the Board rejects or modifies the amount of the claim, the PCF argues, only then, can a plaintiff petition the district court in accordance with the provisions of the APA, specifically, La.R.S. 49:964(G). Under the APA, the district court functions as an appellate court with a very limited scope of review, and the burden of proof is on the plaintiff. In other words, despite a full trial on the merits and the rendering of a judgment declaring the *need and amount* of future medicals due, or a negotiated settlement providing for the payment of future medical expenses, the PCF contends a plaintiff must continually re-litigate his claim before the Oversight Board.

We find the position of the PCF faulty in several respects. First, La.R.S 40:1299.44(D)(2)(a) and La. R.S. 40:1299.44(D)(3), relied on by the PCF, do not establish the procedure a plaintiff must follow to submit a claim for payment of medical expenses. These provisions are simply a broad grant of authority to the PCF to promulgate regulations for the management and administration of the fund. Other provisions in Section 44 govern composition and terms of the Board members, surcharges, and other housekeeping functions relating to maintaining and regulating the fund. It is clear from a *complete* reading of the MMA, Section 44, which governs Board authority and management, was never meant to supercede provisions in the Act

4

which deal *exclusively* with the rights of plaintiffs or the procedures for making executory judgments awarding future medical expenses. Likewise, the APA provisions, relied on by the PCF, are not applicable to and do not establish a procedure for payment of future medical care.

Second, the *Kelty* decision was never intended to be used to delay or deny much needed benefits to critically injured individuals, a result which, plaintiff argues, has occurred in many instances. Instead, *Kelty* envisioned that an initial submission of a claim for future medicals to the PCF would result in a "speedy, convenient, and inexpensive administrative remedy for the payment of actually incurred medical expenses, without limit except as tailored to the patient's needs." *Id.* at 1216-17. By establishing a "medical relief program" composed of Board members possessing medical expertise and experience, *Kelty* recognized the legislative intent in establishing a method for efficient and cost-effective payment of claims by individuals adjudged "patients in need" under the MMA. The *Kelty* court stated:

> The purpose of the statutory provision is to grant injured malpractice victims, who have been deprived by the cap of compensation for any necessary medical service, a speedy, convenient, and inexpensive administrative remedy for the payment of actually incurred medical expenses, without limit except as tailored to the patient's needs. The legislation aims to remedy to an extent the damage cap's harsh tendency to prune recovery inversely to the injury; and it evinces legislative preference for an administrative medical relief program over simply raising the cap as other states have done.

*Id.* at 1216-17.

*Kelty,* thus*,* recognized once a judgment is obtained by a plaintiff, the PCF is the *initial* and *exclusive* forum for submitting a claim for payment of incurred medical expenses and related benefits. In other words, a plaintiff must, first, bring the claim for payment to the PCF, which is authorized, in accordance with provisions contained in Section 44 of the MMA, to "evaluate claims, and to pay, settle or reject them, [and]

is also vested with full powers to assure the cost-effectiveness of claims adjustment and the fiscal soundness of the PCF." *Kelty,* 633 So.2d at 1218. However, *Kelty* additionally recognized the district court has "continuing jurisdiction" to settle any dispute between the PCF and a plaintiff and to "award attorney fees when the PCF fails to pay timely, id. 43E(2)."[1] *Id.* We find no conflict between *Kelty* and the procedure for filing a claim mandated by the MMA. Under provisions contained in Section 44, as recognized by *Kelty*, the PCF has the authority to implement any *internal* procedure it deems necessary to effectively and efficiently process a claim. However, the PCF must respond to a plaintiff's request for payment within the *thirty day time limit mandated* by the MMA, and its actions are subject to full review thereafter in the district court under its continuing jurisdiction which attached at the time and place where the malpractice suit was initially filed. La.R.S.40:1299.43(E)(1). By juxtaposing portions of Section 44 of the MMA with the jurisdictional language found in *Kelty,* the PCF has had some measure of success in asserting its argument in other circuits. *See Maraist v. Alton Ochsner Medical Foundation,* 02-2677 (La.App. 1 Cir. 5/26/04), 879 So.2d 815; *Manning v. United Medical Corporation of New Orleans,* 04-0310 (La.App. 4 Cir. 3/2/05), 897 So.2d 867. To the extent these cases divest the district courts of continuing jurisdiction, limit the scope of judicial review, require a plaintiff to submit a claim for a full administrative hearing in an inconvenient venue, and give the PCF more than thirty days to act on a claim, they are not in keeping with the requirements of the MMA. The procedure for obtaining future medical care and related benefits is clearly mandated by La.R.S. 40:1299.43 *et seq.* and supercedes all judicial declarations to the

---

[1] La.R.S. 40:1299.43(E)(2) provides: " The court shall award reasonable attorney fees to the claimant's attorney if the court finds that the patient's compensation fund unreasonably fails to pay for medical care within thirty days after submission of a claim for payment of such benefits."

6

contrary or that are in conflict with the legislative directives found in the noted provisions.

*Future Medical Care and Related Benefits*

The applicable provisions of the MMA relating to future medical care and related benefits are entitled, "**Future medical care and related benefits**" and are found in Section 43 of the Act. These provisions are clear and unequivocal and provide directives for the plaintiff, the trier of fact, the PCF, and the court after rendition of judgment. Initially, the trier of fact (judge or jury) determines the *need and amount* of future medicals after a full trial on the merits. Louisiana Revised Statutes 40:1299.43(A)(1) provides:

> In all malpractice claims filed with the board which proceed to trial, the jury shall be given a special interrogatory asking if the patient is in *need* of future medical care and related benefits that will be incurred after the date of the response to the special interrogatory *and the amount thereof.*

(Emphasis added.)

Louisiana Revised Statutes 40:1299.43(A)(2) provides:

> In actions upon malpractice claims tried by the court, the court's finding shall include a recitation that the patient is or is not in *need* of future medical care and related benefits that will be incurred after the date of the court's finding *and the amount thereof.*

(Emphasis added.)

In *Watkins v. Lake Charles Memorial Hospital*, 04-355 (La.App. 3 Cir. 12/15/04), 896 So.2d 130, *writ denied*, 05-145(La. 4/8/05), 898 So.2d 1279, the trial court found plaintiff in need of future medical care and itemized with specificity the future medical damages in the judgment. The PCF argued, despite the clear language of the MMA, the trial court exceeded its authority in determining the need and amount of the future medical. This court rejected that argument, citing La.R.S. 40:1299.43(A). This court held:

7

Thus, Section A requires a determination as to whether a plaintiff is in need of future medical care; and, if so, further directs the court to specify the amount thereof. Rather than divest the trial court of jurisdiction to determine future medical expenses, the Act mandates that the trial court first render a judgment for future medical expenses and the amount thereof prior to plaintiff submitting a claim for payment to the LPCF.

*Watkins*, 896 So.2d at 134(footnote omitted). *See also Hall v. Brookshire Bros., Ltd.*, 02-2404 (La. 6/27/03), 848 So.2d 559, where a jury found future medical expenses of $3,000,000; *LeRay v. Bartholomew*, 03-1370 (La.App. 5 Cir. 3/30/04), 871So.2d 492, where a jury found the plaintiff was entitled to $8,000,000 in future medical expenses.

After a judgment is rendered determining the need and amount of future medical expenses, the plaintiff may make a claim for payment with the PCF through the Oversight Board. Louisiana Revised Statutes 40:1299.43(C) provides:

> *Once a judgment is entered* in favor of a patient who is found to be in need of future medical care and related benefits that will be incurred after the date of the response to the special interrogatory by the jury or the court's finding or a settlement is reached between a patient and the patient's compensation fund in which the provision of medical care and related benefits that will be incurred after the date of settlement is agreed upon and continuing as long as medical or surgical attention is reasonably necessary, *a patient may make a claim to the patient's compensation fund through the board for all future medical care and related benefits* directly or indirectly made necessary by the health care provider's malpractice unless the patient refuses to allow them to be furnished.

(Emphasis added.)

Louisiana Revised Statutes 40:1299.43(E)(1) and (2) give the district court continuing jurisdiction over disputes regarding future medical expenses filed before the PCF, including the authority to award attorney's fees if the court finds the PCF fails to pay the claim within thirty days.

Section (E)(1) provides:

> The district court from which final judgment issues shall have *continuing jurisdiction* in cases where medical care and related benefits are determined to be needed by the patient.

(Emphasis added.)

Section (E)(2) provides:

> The court shall award reasonable attorney fees to the claimant's attorney if the court finds that the patient's compensation fund unreasonably fails to pay for medical care within *thirty days* after submission of a claim for payment of such benefits.

(Emphasis added.)

Under these provisions, while the trier of fact determines both the need and amount of future medicals due, future medical expenses "are not made executory until review and approval by the LPCF or, if denied, upon subsequent order of the court under its continuing jurisdiction." *Watkins*, 896 So.2d at 135. The PCF is required to act upon the claim within thirty days. La.R.S. 40:1299.43(E)(2). If denied, the plaintiff's remedy is to file a Rule to Enforce the Judgment in district court. ***See Alexander v. Austin***, 00-00298 (La.App. 3 Cir. 10/4/00), 771 So.2d 719, *writ denied*, 00-3063 (La. 1/5/01), 778 So.2d 1141, (the plaintiff filed a motion with the trial court for reimbursement of expenses denied by the PCF), and *Bridgers v. Southwest Louisiana Hospital Association*, 01-0534 (La.App. 3 Cir. 11/7/01), 799 So.2d 1253 *writ denied*, 01-3220 (La. 2/8/02), 809 So.2d 138, (the plaintiff filed a rule to enforce judgment in district court). The PCF is required to come forward with the reasons for the denial or modification. The burden of proof is on the Oversight Board.[2] If the trial court finds the PCF unreasonably failed to pay the claim timely, La.R.S. 40:1299.43(E)(2) authorizes the award of attorney's fees. *See Alexander* and *Bridgers*, supra., where the trial court, in both cases, awarded attorney's fees, finding the PCF unreasonably failed to pay the full amount submitted for reimbursement.

The arguments raised by the PCF in this writ application have already been

---

[2] The plaintiff is required to bear the initial burden of proving future medical expenses at trial. Thereafter, the burden shifts to the PCF who, as recognized in *Kelty,* is composed of individuals possessing the expertise and financial resources to articulate the basis for their denial of already incurred medical expenses. To adopt the position of the PCF would require catastrophically injured plaintiffs, who are oft-times financially strapped, to bear the burden of continually re-litigating their need for medical care.

9

addressed by this circuit in two prior cases. *See Watkins,* 896 So.2d 130, *writ denied,* 05-01-45 (La. 4/8/05), 898 So.2d 1279; *Bridgers v. Southwest Louisiana Hospital Association,* 01-0534 (La.App. 3 Cir. 11/7/01), 799 So.2d 1253, *writ denied,* 01-3220 (La. 2/8/02), 809 So.2d 138, in which this court denied writs in a case similar to the one presented here.

In *Bridgers,* the plaintiff obtained a judgment for over $2,000,000 in future medical expenses. The Bridgers submitted a request for reimbursement to the PCF in the amount of $78,535.08. The PCF paid only $48,079.09. The Bridgers filed a Rule to Enforce Judgment pursuant to La.R.S. 40:1299.43, alleging the PCF had unreasonably failed to pay the full amount submitted. In addition, the Bridgers requested attorney fees. The PCF filed an exception of lack of subject matter jurisdiction, arguing that original and exclusive jurisdiction over claims for future medical expenses rests with the PCF. The trial court denied the exception and the PCF sought writs with this court. A panel of this court denied the writ, citing La.R.S. 40:1299.43 (A),(B)(1), (C), and (E) and stated:

> While we agree with the PCF and the holdings in *Kelty v. Brumfield,* 93-1142 (La. 2/25/94), 633 So.2d 1210, and *Bijou v. Alton Ochsner Medical Foundation,* 95-3074 (La. 9/5/96), 679 So.2d 893, that the PCFOB has exclusive jurisdiction over all claims for future medical care and related benefits, the trial court retains continuing jurisdiction over this matter pursuant to La.R.S. 40:1299.43(E)(1). The jury determined that Fay was in need of future medical care and related benefits, thus, the trial court retains continuing jurisdiction. *Additionally, the Bridgers have filed a claim with the PCFOB, as evidenced by their June 26, 2000 letter to the Patients' Compensation Fund, which it received on June 28, 2000.* Since the PCFOB failed to pay the entire claim by the Bridgers within thirty days of submission, the trial court had subject matter jurisdiction to hear the matter. Accordingly, we find no error in the trial court's denial of the PCF's exception of lack of subject matter jurisdiction.

*Id.* at 1255 (emphasis added.)

In addition to recognizing the district court had "continuing" subject matter

10

jurisdiction over the claim for future medical expenses, the *Bridgers* court found that a claim addressed to and received by the PCF satisfies the notice requirement of La.R.S. 40:1299.43(C), which directs a patient to "make a claim to the patient's compensation fund through the board." In other words, this court held a claim filed with the PCF provides notice, in accordance with the statute, to the Oversight Board.

Although the PCF is aware of our holdings in these cases, it asserts the supreme court's decision in *Bijou v. Alton Ochsner Medical Foundation*, 95-3074 (La. 9/5/96), 679 So.2d 893 and our ruling in *Blocker v. Rapides Regional Medical Center*, 03-745 (La.App. 3 Cir. 12/23/03), 862 So.2d 1220, *writ denied*, 04-0215 (La. 3/26/04), 871 So.2d 351, support its position or adds to its confusion regarding the role of the PCF in handling future medical claims.

In *Blocker,* the jury found the patient was in need of future medical care but failed to specify an amount. The PCF did not object to the interrogatory. This court found the failure of the jury to specify an amount did not result in the plaintiff being denied reimbursement for future medical expenses. This court cited *Kelty* and stated: "The LPCF has the expertise and resources to determine the necessity and costs for such care, particularly in this case where the only future medical cost is the replacement of the prosthesis." *Blocker,* 682 So.2d at 1225. We simply recognized the jury's failure to specify the amount of future medical was not fatal to the plaintiff's subsequent claim for future medical expenses. The PCF did not contemporaneously object to this obvious trial error as it was procedurally required to do. The issue of subject matter jurisdiction over claims for future medical expenses was not specifically raised or decided in *Blocker.*

*Bijou,* also, does not support the PCF's argument. Mr. Bijou filed a claim for future medical expenses against the PCF in the district court. The supreme court

11

recognized Section 43 is the applicable provision governing the procedure for payment of future medical care incurred after the date of judgment. Citing both *Kelty* and La.R.S. 40:1299.43, the court stated:

> Thus, after obtaining a favorable court judgment on the issue of future medical care and related benefits, the plaintiff may file a claim with the Board. In the case at hand, the trial court found Mr. Bijou to be in need of future medical care and benefits, and rendered a judgment to this effect. Following *Kelty v. Brumfield* and La.R.S. 40:1299.43(C), Mr. Bijou should make a claim to the Patient's Compensation Fund Oversight Board for further action and recovery of his future medical care and related benefits claim.

*Id*. at 898.

In addition we note, in the recent case of *Hanks v. Seale*, 04-1485 (La. 6/17/05), __So.2d__, the Louisiana Supreme Court, specifically addressing the mandates in La.R.S. 40:1299.43, stated:

> In 1984, the legislature added provisions to the MMA that afforded malpractice victims recovery for future medical care and related benefits. *Kelty v. Brumfield*, 93-1142, p. 10 (La. 2/25/94), 633 So.2d 1210, 1216. The goal of this legislation was to provide some remedy to the damage cap's harsh tendency to restrict recovery inversely to the injury. *Id.* at p. 10, 633 So.2d 1216-17. Furthermore, the legislation demonstrated the legislature's preference for an administrative medical relief program over the path taken by other states, namely increasing the statutory cap. *Id.*
> *La.R.S. 40:1299.43 governs awards for future medial care* and requires that in all malpractice claims that proceed to trial, the jury shall be given a special interrogatory asking whether the plaintiff is in need of future medical care and related benefits and the amount thereof.

*Id.* at 13 (emphasis added.)

*Hanks* further recognized a judgment for future medical expenses is a non-executory judgment to be paid by the PCF as incurred under the provisions of Section 43. The court stated:

> Furthermore, we note that the future medical care award is not a lump sum award payable immediately to plaintiff, but rather will be paid out by Fund *pursuant to the provisions of La.R.S. 40:1299.43* as they are incurred.

12

*Id*. at 18 (emphasis added.)

*Demand for a Jury Trial*

The PCF filed a Demand for a Jury Trial on the issue of future medical care and related expenses. This issue has been resolved and settled between the parties. The stipulated judgment grants plaintiff the right to recover all future medical and related expenses incurred after May 17, 2004 and continuing, as needed, during her lifetime. The current dispute involves the reasonableness of the PCF's refusal to pay expenses which plaintiff contends are necessary medicals pursuant to the referenced stipulated judgment. Louisiana Revised Statutes 40:1299.43 et seq., as noted, sets forth the procedure for resolving such disputes. The statute does not afford the PCF a jury trial. We, therefore, deny the PCF's Demand for a Jury Trial.

**CONCLUSION**

We conclude the provisions in Section 44 of the MMA, cited by the PCF, do not govern the procedure a plaintiff must follow in order to submit a claim for payment of future medical expenses. These provisions provide a grant of authority to the Board and govern internal Board function and management. They were never meant to supercede provisions in the MMA which deal exclusively with the rights of plaintiffs or the procedures for obtaining payment of future medical expenses. The applicable provisions of the MMA relating to future medical care and related benefits are found in Section 43 of the MMA. These provisions are clear and unequivocal and give the district court continuing jurisdiction in cases where the plaintiff is determined to be in need of future medical care. Accordingly, we find the trial court was correct in denying the PCF's Exception of Subject Matter Jurisdiction and Demand for a Jury Trial. Therefore, we deny the PCF's writ application and rescind the order granting a stay of these proceedings below. All costs of this appeal are

13

assessed to the PCF.

**WRIT DENIED.**