PEATROSS, J.
h These consolidated cases began as medical malpractice actions, wherein the respective plaintiffs, Tonya Colvin and Thomas Miller, settled with the healthcare providers for the statutory maximum of $100,000 and reserved their rights against the Patient’s Compensation Fund for damages. The underlying medical malpractice actions were properly filed in Caddo Parish, Louisiana. Subsequently, Colvin and Miller filed the instant suits, also in Caddo Parish, claiming that the Patient’s Compensation Fund Oversight Board (“PCFOB”) failed to promptly and in good faith evaluate their claims so that full and complete compensation could be made. Both plaintiffs seek declaratory and monetary relief against the PCFOB for negligent adjustment and administration of the underlying medical malpractice claims.
Exceptions of improper venue were filed by the PCFOB in both Colvin’s and Miller’s actions. The exceptions were granted and the cases were dismissed without prejudice. Colvin and Miller then filed suit in Bossier Parish, Louisiana, where both are domiciled, and the two cases were consolidated. The PCFOB then filed exceptions of improper venue in Bossier Parish, which were granted, and the cases were transferred to the 19th Judicial District Court in East Baton Rouge Parish, Louisiana. This appeal ensued. For the reasons stated herein, we reverse and remand this case back to the 26th Judicial District Court, Bossier Parish.

DISCUSSION

Colvin and Miller argue that venue is proper in Bossier Parish and, alternatively, that venue is proper in Caddo Parish.
I p.La. R.S. 13:5104. Venue, provides in pertinent part:
A. All suits filed against the state of Louisiana or any state agency may be instituted before the district court of the judicial district in which the state capítol is located or in the district court having jurisdiction in the parish in which the cause of action arises. (Emphasis added.)
Focusing on the phrase “cause of action” from the statute, the plaintiffs argue that, while venue may be proper in East Baton Rouge Parish, venue is also proper in Bossier Parish because that is where the causes of action arose in both suits. Col-vin and Miller are domiciled in Bossier Parish and urge that the special financial losses and general emotional and mental anguish and distress from the intentional and negligent action and inactions of the PCFOB arose and continue in this parish. We agree.
Under the plain language of the statute, in a suit against the PCFOB, venue is clearly proper in East Baton Rouge Parish since that is where the PCFOB is located. The venue provision of the statute, however, is written in the disjunctive, indicating that there may be multiple proper venues for an action against this state agency. Hence, the central issue in this case is how the phrase “in which the cause of action arises” is defined, i.e., in which parish(es) does a cause of action arise so as to be a parish of proper venue (in addition to East Baton Rouge Parish) in a suit against the PCFOB.
Under Louisiana law, a cause of action accrues when a party has the right to sue. Landry v. Avondale Industries, Inc., 03-0719 (La.12/3/03), 864 So.2d 117. A negligence cause of action will arise only upon the happening of a wrongful act and the existence of an injury resulting in ^legally cognizable damages. Walls v. American Optical Corp., 98-0455 (La.9/8/99), 740 So.2d 1262. The plaintiffs in the case sub judice allege that they have suffered economic damages as well as gen *1231 eral damages arising from, inter alia, the alleged intentional infliction of emotional and mental distress on the part of the PCFOB in failing to properly administer their claims. These damages were sustained by the plaintiffs in Bossier Parish, their parish of domicile.
In the analogous case of Louisiana Patient’s Compensation Fund Oversight Bd. v. Edwards, 39,149 (La.App.2d Cir.12/15/04), 891 So.2d 85, this court explained as follows:
The PCFOB argues that venue is only proper in East Baton Rouge Parish under the provisions of La. R.S. 13:5104, which designates venue in suits against certain public entities. Under La. R.S. 13:5104, venue for suits against the state, state agencies, and political subdivisions exists “in the parish in which the cause of action arises.” Moreover, the statutory venue is mandatory but waivable. Franques v. Evangeline Parish Police Jury, 93-1625 (La.10/1/93), 625 So.2d 157. In this case, the cause of action arises in Ouachita Parish where Lashley resides and where he has need for future medical care and related benefits. Accordingly, we find no merit to the PCFOB’s argument that venue is only proper in East Baton Rouge Parish.
Accordingly, we find that Bossier Parish is a parish of proper venue under La. R.S. 13:5104(A) and that the trial court’s ruling to the contrary was incorrect.

DECREE

For the foregoing reasons, the judgment of the trial court granting the Patient’s Compensation Fund Oversight Board’s exception of improper venue and transferring the case to East Baton Rouge Parish is reversed. The | ¿matter is remanded to the 26th Judicial District Court, Bossier Parish, for further proceedings.
REVERSED AND REMANDED.