| iBARRY, Judge.
The respondent health care providers judicially admitted that in the event they are held liable, the plaintiffs’ general damages equal the $500,000 cap and the patient is in need of future medical care and related benefits. Following that admission, the trial court ruled that no testimony or evidence of future medical care and related benefits is necessary or admissible. A threshold issue is the respondents’ authority to judicially admit the amount of damages over the $100,000 statutory cap for the liability of a health care provider.[1]
La.R.S. 40:1299.44(0) sets forth the procedure when the insurer of a health care provider settles its liability and the claimant demands an amount in excess thereof from the Patient’s Compensation Fund. A petition demanding payment of damages from the Patient’s Compensation Fund must be filed and a copy served on the board. § 1299.44(C)(1) and (2). That section clearly contemplates that the board (i.e., the Patient’s Compensation Fund Oversight Board) must be a party to settlement for damages to be paid Izfrom the fund. Subparagraph (3) provides:
The Board and the insurer of the health care provider ... may agree to a settlement with the claimant from the Patient’s Compensation Fund....
Moreover, in Kelty v. Brumfield, 93-1142 (La. 2/25/94); 633 So.2d 1210, the hospital paid plaintiffs $75,000 in settlement and the physician and his individual insurer agreed to voluntary payment of $100,000, their maximum potential' liability under the Medical Malpractice Act. The suit was dismissed as to the physician and the hospital. At that point the PFC and the plaintiffs stipulated that the child’s damages, exclusive of future medical care and related expenses exceeded $500,000. Id. at 1213. The voluntary payment by the physician of his liability limit constituted a judicial admission of liability binding on the PCF. At that point, the PCF stipulated as to the amount of remaining damages.
In this ease, the defendant health care providers argue that, because the PCF has no legal right to participate until liability is established and damages in excess of the maximum allowable amount are demanded, the health care providers have the authority under the Medical Malpractice Act to admit to plaintiffs’ general damages in an amount over their $100,000 limitation of liability. However, § 1299.44(C) clearly contemplates that the board participate in the settlement of damages in excess of the liability of the health care provider’s insurer. Moreover, the respondents do not provide any evidence of authority by the PCF to judicially admit to any damages in excess of their liability.
Nonetheless, because the health care providers acknowledge that in the event of liability plaintiffs’ damages exceed $100,000, the PCF would be bound 13under Kelty if liability is found. It is not disputed that plaintiffs’ general damages exclusive of future medical care and related expenses equal or exceed $500,000, the maximum amount recoverable under the statute. Therefore, the authority for the judicial admission is not determinative in this case.
There is nothing in the statute to prevent the health care provider from admitting that, in the event of liability the patient is in need of future medical care and related benefits. That determination and the amount of those benefits are controlled by La.R.S. 40:1299.43.
La.R.S. 40:1299.43 and 1299.44 control the determination and administration of future medical care and related benefits. Section A indicates that when a claim for future medical care and related benefits proceeds to trial, the determination of whether the patient is in need of future medical care and related benefits and the amount thereof is a question of fact for the jury. That section reads, in pertinent part:
(1) In all malpractice claims filed with the board which proceed to trial, the jury shall be given a special interrogatory asking if the patient is in need of future medical care and related benefits and the amount thereof.
*821 Additionally, § 1299.43(A)(2) states that in a malpractice claim tried by the court, the court’s finding shall include a recitation that the patient is or is not in need of future medical care and the amount thereof.
Those provisions indicate that the issue of whether a patient is in need of future medical care and related benefits and the amount thereof are fact questions for the jury or judge. As in any trial, a fact can be judicially admitted.
Section 1299.43(C) sets forth the procedure for a patient to make a Uclaim to the PCF through the board for future medical care and related benefits. Although the language of sub-paragraph (C) indicates that a claim may be made “once a judgment is entered in favor of a patient who is found to be in need of future medical care ... or a settlement is reached between a patient and the Patient’s Compensation Fund”, the Supreme Court held that the statute vests exclusive original subject matter jurisdiction of the initial disposition of that claim in the board, a state agency with exclusive authority to pay, reject, settle, and monitor all claims and to administer the fund from which all claims are paid. Kelty v. Brumfield, 633 So.2d 1210 (La.1994).
In Kelty the issue was whether a prior district court judgment which held that the plaintiff was not entitled to future medical benefits because her claim was filed before the effective date of the statute was res judicata as to plaintiffs claim that she was a patient in need of care, which claim was made after the Supreme Court determined that § 1299.43 of the Medical Malpractice Act applies to all claims pending when that Act was passed. Kelty held that the district court’s decision was not res judicata because the district court lacked jurisdiction to determine that issue. The Supreme Court relied on § 1299.43(C) and reasoned:
This feature of the statutory scheme alone clearly indicates that the agency has exclusive jurisdiction of future medical and related care claims.(T)he legislature clearly intended to assign the original decision-making function with respect to them to the expert administrative agency. Consequently, we conclude that the legislature intended to eliminate all judicial power and initial decision making or supervision over medical and related care claims and to vest such exclusive jurisdiction in the agency legislatively assigned to administer PCF, subject only to court review of the agency’s actions pursuant to well established principals of judicial review.
| sKelty, 633 So.2d at 1218 and 1219.
In Kelty the plaintiffs and the PCF stipulated that the patient’s damages, exclusive of future medical care and related expenses, exceeded $500,000. In this case the health care provider admitted that the patient is a patient in need of future medical care and related benefits. Under the Medical Malpractice Act and Kelty, plaintiffs may now file their claim for future medical care and related benefits with the board, the agency with exclusive jurisdiction.
That interpretation is further supported by LaMark v. NME Hospitals Inc., 522 So.2d 634 (La.App. 4th Cir.1988) writ den. 526 So.2d 803 (La.1988). In LaMark, a case decided before Kelty’& proclamation that original jurisdiction for future medical care and related benefits rests with the board, the issue was whether the trial court erred by awarding future medical expenses as they incurred without specifying an amount under § 1299.43(A)(1). This court held that § 1299.43(A)’s requirement that the factfin-der determine the amount of future medical care and related benefits
contemplate [sic] a situation where the need for future care is in dispute. Where such fact is admitted, however, we see nothing wrong with a separate judgment approving each amount of expenses as they are incurred.
Id. at 638.
Because future medical care and related benefits are determined according to R.S. 40:1299.43, and because we are required to follow the Supreme Court’s interpretation that the statute vests the board with exclusive jurisdiction to decide the issue, we are compelled to conclude that the issue ofjethe amount of future medical care and related benefits is not relevant at this stage of the proceedings.
*822 We affirm the ruling of the trial court.

AFFIRMED

WALTZER, J., dissents with reasons.

. The application does not contain a transcript, but the facts are not in dispute.