NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1154

IN RE: THE MEDICAL REVIEW PANEL OF HENRIETTA HOUCK

VERSUS

BATON ROUGE GENERAL MEDICAL CENTER, ET AL

Judgment Rendered:  JUL 0 6 2020

\* \* \* \* \* \*

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. C527,556

Honorable Wilson E. Fields, Judge Presiding

\* \* \* \* \* \*

| | |
|---|---|
| Robert S. Patriquin<br>Baton Rouge, Louisiana | Counsel for Plaintiff/Appellant,<br>Estate of Henri Etta Houck |
| Keith C. Armstrong<br>Baton Rouge, Louisiana | Counsel for Defendants/Appellees,<br>Louisiana Patient's Compensation<br>Fund and Louisiana Patient's<br>Compensation Oversight Board |

\* \* \* \* \* \*

BEFORE:  WHIPPLE, C.J., GUIDRY AND BURRIS,[1] JJ.

---

[1]  The Honorable William J. Burris, retired, is serving as judge *pro tempore* by special appointment of the Louisiana Supreme Court.

**BURRIS, J.**

In this appeal, the Estate of Henri Etta Houck ("the estate"),[2] appearing as plaintiff,[3] challenges the dismissal of this matter as abandoned. For the reasons that follow, we find the trial court ceased to have subject matter jurisdiction over this proceeding on January 24, 2007, the date the order of dismissal was signed, dismissing "said suit against all defendants" with prejudice. Thus, the judgments rendered by the trial court on August 23, 2018 and January 15, 2019, made the subject of this appeal, are null and are hereby vacated, and this appeal is dismissed.

## FACTS AND PROCEDURAL HISTORY

Ms. Henri Etta Houck sustained life-altering injuries in October 2001, allegedly as a result of the medical negligence of Baton Rouge General Medical Center, Ochsner Clinic of Baton Rouge, Dr. Mary S. Kendall, and Dr. John Baldridge. Ms. Houck underwent a surgical procedure at Baton Rouge General to repair a nosebleed. Following the procedure, her physician ordered a dose of Demerol and Phenergan to be given intramuscularly; however, a nurse inadvertently administered the dose intravenously. This caused Ms. Houck to code. After she was successfully resuscitated, Ms. Houck suffered from seizures, remained unresponsive, and was unable to follow commands. As a result of this incident, Ms. Houck was rendered a spastic quadriplegic. She remained bed-bound and required 24-hour care until her death in October 2007.[4]

---

[2] Ms. Houck's first name appears in the record as "Henrietta" and "Henri Etta." We will adopt the spelling used in the Petition for Possession filed in Ms. Houck's succession proceeding, contained in the record, which identifies her as "Henri Etta."

[3] The Estate of Henri Etta Houck did not file a formal pleading in the record to be substituted as the proper party plaintiff following Ms. Houck's death pursuant to La. Code Civ. P. art. 801, *et seq.* However, considering this court's conclusion that this proceeding terminated in its entirety on January 24, 2007, this failure has no bearing on our disposition.

[4] Some documents in the record state that Ms. Houck died in October 2007, while others state that her death occurred in October 2009. We again rely on the Petition for Possession, which states that Ms. Houck died on October 31, 2007.

Ms. Houck instituted a medical review panel proceeding against these medical providers in October 2002. See *Henrietta Houck v. Baton Rouge General Medical Center, et al,* Patients Compensation Fund No.: 2002-01926. In conjunction with this proceeding, Ms. Houck filed a Petition to Institute Discovery – Allotment of Case Number in the 19th Judicial District Court, East Baton Rouge Parish, on December 20, 2004. The matter was assigned docket no. 527,556. At that time, and again on January 6, 2005, Ms. Houck filed a motion to extend the life of the medical review panel; both motions were granted.

Before the medical review panel was convened, Ms. Houck settled her claim against the medical providers for less than the statutory maximum of $100,000.00. Ms. Houck, the Louisiana Patient's Compensation Fund, the Louisiana Patient's Compensation Fund Oversight Board, and Baton Rouge General Medical Center and General Health System, appearing as a nominal defendant (collectively referred to as the "PCF"), subsequently agreed to settle the general damages portion of Ms. Houck's malpractice claim. On January 23, 2007, these parties filed a Joint Petition for Authorization to Settle Medical Malpractice Claim in docket no. 527,556.

The Joint Petition provided that the PCF shall pay $380,000.00 to Ms. Houck in satisfaction of her claim against the PCF for excess general and economic damages. Although the settlement resolved the PCF's "cap" exposure under the Louisiana Medical Malpractice Act, Ms. Houck expressly reserved her right against the PCF to recover "any and all 'past, present and future medical care, treatment and related expenses'." The trial court approved the settlement by an order signed on January 24, 2007.

On January 23, 2007, Ms. Houck filed a Satisfaction of Judgment in docket no. 527,556, in which she confirmed that the PCF paid the previously agreed upon sum of $380,000.00. The Satisfaction of Judgment recognized that "the aforesaid judgment has now been fully satisfied by the defendants" and directed the Clerk

of Court for the 19th Judicial District Court to "mark the docket satisfied in this matter and to otherwise cancel and discharge the judgment." Finally, on the same day and in the same docket, Ms. Houck filed a Motion for and Judgment of Dismissal in which she moved "that said suit be dismissed as to all parties, with prejudice, at defendant – Baton Rouge General Medical Center's cost."

Neither Ms. Houck, her heirs, nor the estate ever filed a separate action to pursue a claim for future medical expenses against the PCF, nor was a demand asserted in docket no. 527,556. Aside from a motion to enroll as co-counsel of record on behalf of Ms. Houck, nothing appears in the record for docket no. 527,556 until May 15, 2014.[5] At that time, Ms. Houck filed several notices of deposition to obtain various medical billing and banking records. Then, on April 27, 2016, Ms. Houck filed an Ex Parte Motion to Revive Money Judgment, seeking to "revive" the January 24, 2007 order approving the settlement with the PCF. An order reviving the judgment was signed on May 9, 2016. Two years later, on April 27, 2018, the estate filed a Motion for Partial Summary Judgment, again in docket no. 527,556, seeking to have the PCF deemed liable for Ms. Houck's future medical expenses and ordered to pay same.

In response, the PCF filed the subject *Ex Parte* Motion to Dismiss on Grounds of Abandonment on May 21, 2018. The PCF maintained that no "step" was taken in the prosecution of Ms. Houck's claim for medical expenses for a period of more than three years and that the action abandoned in January 2010 per La. Code Civ. P. art. 561. The estate opposed the motion, arguing, among other things, that the matter was not abandoned because the PCF acknowledged its liability and agreed to pay Ms. Houck's future medical expenses.

---

[5] The jurisprudence clearly establishes that motions to enroll as counsel or to substitute counsel are not considered formal steps before the court in the prosecution of the suit. Such motions grant to counsel the right to take steps, or to prepare to take steps, toward the prosecution or defense of a case but are not considered steps because they do not hasten the matter to judgment. **Paternostro v. Falgoust**, 2003-2214 (La. App. 1st Cir. 9/17/04), 897 So.2d 19, 22, writ denied, 2004-2524 (La. 12/17/04), 888 So.2d 870.

4

A hearing on the motion to dismiss was held on July 9, 2018. At the conclusion of the hearing, the trial court granted the motion and subsequently signed a judgment in accordance with its ruling on August 23, 2018. The estate and Mr. Patriquin filed Motions to Set Aside Dismissal, which were denied at the conclusion of a contradictory hearing on October 15, 2018. A judgment denying the motions to set aside was signed on January 15, 2019.

The estate filed this appeal, asserting that the trial court erred by dismissing this proceeding as abandoned. We agree that the trial court's judgments cannot stand, although not for the reasons assigned by the estate.

## JURISDICTION

Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties and to grant the relief to which they are entitled. La. Code Civ. P. art 1. Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted; it cannot be conferred by consent of the parties or waived. La. Code Civ. P. arts. 2 and 3. A judgment rendered by a court that has no jurisdiction over the subject matter of the action or proceeding is void. La. Code Civ. P. art. 2002(A)(3); **Katz v. Progressive Security Ins. Co.**, 2015-0391 (La. App. 1st Cir. 11/9/15), 2015 WL 6951256, *3 (unpublished).

Louisiana Code of Civil Procedure art. 2164 gives the appellate court authority to "render any judgment which is just, legal, and proper upon the record on appeal." The Louisiana Supreme Court has held that an appellate court has the authority to consider an issue even when there is no assignment of error. **Merrill v. Greyhound Lines, Inc.**, 2010-2827 (La. 4/29/11), 60 So.3d 600, 601. Subject matter jurisdiction is a threshold issue, and it is the duty of a court to examine subject matter jurisdiction *sua sponte,* even when the issue is not raised

by the litigants. Thus, the question of whether subject matter jurisdiction exists may be considered at any time, even by an appellate court on its own motion, at any stage of an action. Whether a court has subject matter jurisdiction raises a question of law, which is reviewed *de novo.* **Katz**, 2015 WL 6951256, at*3.

Pursuant to Ms. Houck's January 23, 2007 Motion for and Judgment of Dismissal, an order was signed on January 24, 2007, which stated,

> IT IS ORDERED, ADJUDGED AND DECREED that said suit against all defendants be and is hereby dismissed, with prejudice, at defendant – Baton Rouge General Medical Center's cost.

Although the Joint Petition for Authorization to Settle Medical Malpractice Claim and associated order reserve Ms. Houck's *right* to pursue a claim for additional damages against the PCF, the order of dismissal reserved nothing. Instead, the proceeding was terminated, in its entirety, upon signing of the order. The law is clear that, once a suit is terminated by a judgment of dismissal, the trial court is divested of jurisdiction to consider pleadings subsequently filed in the same proceeding. **Katz**, 2015 WL 6951256 at *3, citing **American General Investment Corp. v. St. Elmo Lands**, 391 So.2d 570, 573 (La. App. 4th Cir. 1980), writ denied, 395 So.2d 682 (La. 1981) (The trial court erred in retaining jurisdiction once a joint motion to dismiss was filed); **Wells v. Fruth, Jamison & Elsass, PLLC,** 2014-826 (La. App. 3rd Cir. 2/4/15), 158 So.3d 216, 221 (Once judgment is rendered, the trial court lacked the continuing jurisdiction to allow a supplemental and amending petition to be filed).

Thus, the judgments rendered by the trial court on August 23, 2018 and January 15, 2019, after it lost jurisdiction over this matter, are null and invalid. Furthermore, a motion for appeal from an invalid judgment is considered untimely, and this court lacks jurisdiction to hear an untimely appeal. **Levert v. University of Illinois at Urbana/Champaign ex rel. Board of Trustees**, 2002-2679 (La. App. 1st Cir. 9/26/03), 857 So.2d 611, 617, writ denied, 2003-2994 (La. 1/16/04),

864 So.2d 635. Consequently, this court has no jurisdiction to review the trial court's invalid judgments made the subject of this appeal.

Considering our ruling herein, we pretermit consideration of the parties' argument concerning whether the PCF sufficiently acknowledged that Ms. Houck was "in need of future medical care" such that the estate's claim for payment of medical expenses falls within the exclusive jurisdiction of the PCF. La. R.S. 40:1231.3(C);[6] **Kelty v. Brumfield**, 633 So.2d 1210, 1271-18 (La. 1994). See **Watkins v. Lake Charles Memorial Hospital**, 2013-1137 (La. 3/25/14), 144 So.3d 944, 951, (Pursuant to La. R.S. 40:1299.43(A) [now La. R.S. 40:1231.3(C)] the factfinder is charged with determining whether the patient is in need of future medical care and related benefits and the amount thereof. Once a judgment is entered in favor of a patient who is found to be in need of future medical care and related benefits, as long as medical attention is reasonably necessary, the patient may make a claim to the PCF for all future medical care and related benefits directly or indirectly made necessary by the health care provider's malpractice.) See also **Descant v. Administrators of Tulane Educational Fund**, 95-0751 (La. App. 4th Cir. 4/5/95), 653 So.2d 819, 821 (recognizing that whether a patient is in need of future medical care is a question of fact, which may be established by admission.)

## CONCLUSION

For the reasons set forth above, the judgments rendered by the trial court on August 23, 2018 and January 15, 2019 are null and are hereby vacated, and this appeal is dismissed. Costs of this appeal in the amount of $2,533.50 are assessed against appellees, the Louisiana Patient's Compensation Fund and the Louisiana Patient's Compensation Fund Oversight Board.

**JUDGMENTS VACATED. APPEAL DISMISSED.**

---

[6] Redesignated from La. R.S. 40:1299.43 by H.C.R. No. 84 of the 2015 Regular Session.